[S. F. No. 2580.   Department One.— April 10, 1901.]

## UNION SAVINGS BANK, Respondent, v. KATIE BAR-RETT, Executrix, etc., Appellant.

FORECLOSURE OF MORTGAGE — DEATH OF MORTGAGOR PENDING SUIT —
ABATEMENT — SURVIVAL OF ACTION. — An action to foreclose a mort-
gage does not abate by the death of the mortgagor pending the
suit, but survives against his estate, and may be prosecuted against
the representative of such estate, with the same effect as if the
mortgagor had not died.

ID. — STATUTE OF LIMITATIONS — AMENDMENT OF COMPLAINT — APPEAR-
ANCE OF EXECUTRIX WITHIN TIME FOR SERVICE OF SUMMONS. —
Where the action was brought in time against the mortgagor, and
after the amendment of the complaint against the executrix of the
deceased mortgagor such executrix appeared within the three
years allowed from the commencement of the action for the service
of summons, the statute of limitations did not run after the com-
mencement of the action in favor of the executrix, and her appear-
ance waived no rights of the estate, or of the persons interested
therein.

ID. — JURISDICTION OVER EXECUTRIX — EFFECT OF APPEARANCE. — The
appearance of the executrix obviated the necessity of the service of
summons upon her, and gave the court jurisdiction over her, with
the same effect as if she had been brought in by the service of sum-
mons.

ID. — MORTGAGOR NOT SERVED WITH SUMMONS — LAPSE OF ONE YEAR
— POWER TO BRING IN EXECUTRIX — NEW SUMMONS. — The cause of
action against the mortgagor not having abated by the death of the
mortgagor, and having survived against the executrix, was not extin-
guished or affected by the fact that the summons was not person-
ally served upon the mortgagor, and that the action was begun
more than one year prior to the death.   The power to continue the
proceeding against the executrix carried with it the implied power
to order a new summons to bring in the executrix, after the lapse
of the year.   [Per Beatty, C. J., upon order in Bank denying
rehearing.]

APPEAL from a judgment of the Superior Court of Alameda
County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

B. McFadden, and A. Boyer, for Appellant.

No summons having been served upon the executrix within
one year, and the action, being outlawed at her death, should

have been dismissed. No *alias* summons could issue against the executrix after the lapse of one year. (Code Civ. Proc., sec. 408.) The action must be dismissed as to the executrix, because no summons was issued against her within one year. (Code Civ. Proc., sec. 581, subd. 7; *Davis* v. *Hart,* 123 Cal. 384.) The executrix could not waive the statute by her appearance. (Code Civ. Proc., sec. 1499; *Vrooman* v. *Li Po Tai,* 113 Cal. 302, 306; *Reay* v. *Hazleton,* 128 Cal. 335; *Boyce* v. *Fisk,* 110 Cal. 107.)

Reed & Nusbaumer, for Respondent.

The action did not abate by the death of the defendant, and the court had power to continue the proceeding against the executrix. (Code Civ. Proc., sec. 385.) The court had power to order all papers, proceedings, and process to be amended to meet the changed conditions. (*Hibernia etc. Society* v. *Wackenreuder,* 99 Cal. 503, 509.)

THE COURT.—Appeal from a judgment foreclosing the mortgage of the defendant's testatrix. The action was commenced August 13, 1896, and summons was issued therein June 25, 1897. The mortgagor died September 27, 1897, before any service of the summons was made. The defendant herein was appointed executrix of the last will and testament of said mortgagor, and on December 1, 1897, letters testamentary thereon were issued to her. Thereafter the plaintiff filed an amended complaint, setting up these facts, and the defendant filed a demurrer thereto March 3, 1899. Her demurrer was overruled, and she subsequently filed an answer, upon which the action was tried, and judgment rendered in favor of the plaintiff.

The defense relied upon in her answer was the statute of limitations (Code Civ. Proc., secs. 337, 343), and in support thereof it is contended that the action was already barred at the time that she filed her demurrer, and that under the provisions of section 1499 of the Code of Civil Procedure she had no authority to appear, or bind the estate by her appearance.

The action did not abate by the death of the original defendant (Code Civ. Proc., sec. 385), but survived against her estate (*Hibernia Sav. and Loan Soc.* v. *Wackenreuder,* 99 Cal. 503), and could be prosecuted against the person who should thereafter be appointed her personal representative. Upon

the appointment of such personal representative, the plaintiff had the same right to proceed against him as it would have had to proceed against the original defendant had she not died.

Section 581 of the Code of Civil Procedure gives to the plaintiff three years after the commencement of an action within which to make service and return of the summons, and declares: "But all such actions may be prosecuted if appearance has been made by the defendant or defendants within said three years, in the same manner as if summons had been issued and served." In the present case the personal representative appeared in the action within three years, and thus obviated the necessity of any service of the summons. By this voluntary appearance the court acquired jurisdiction over her, with the same effect as if she had been brought in by the service of summons upon her at that time, and as this jurisdiction was acquired within three years after the commencement of the action, no rights of the estate, or of the persons interested therein, were waived by her appearance. In *Vrooman* v. *Li Po Tai*, 113 Cal. 302, more than three years had expired after the amendment to section 581, without any service of the summons, during all of which time the mortgagor was living. It was held that as the three years had expired in the lifetime of the mortgagor, the action was, in effect, at an end, and that it was not in the power of the administrator to revive it by an appearance. In *Davis* v. *Hart*, 123 Cal. 384, the plaintiff allowed nearly nine years to elapse before making any attempt to serve the summons, and it was held that although the defendant had died before the expiration of the three years, the running of the statute was not stopped thereby.

The judgment is affirmed.

On May 11, 1901, a petition for rehearing was denied by the court in Bank; and Chief Justice Beatty delivered the following opinion, concurring in the order:—

BEATTY, C. J.—In their petition for a rehearing, counsel for appellant complain that the real grounds of their appeal have not been considered in the opinion affirming the judgment.

The two propositions to which their argument was addressed may be stated as follows: 1. That the court never having ac-

quired jurisdiction of Nellie Ryan, and she having died more than a year after the commencement of the action, it had become legally impossible for the court to acquire jurisdiction of her executrix; and if so, 2. That her executrix had no right or authority, by a voluntary appearance in the action, to revive against the estate a claim legally extinct.

It is true that these propositions are not met by the Department opinion, but I think the first—which is essential to the appellant's case—is unsound. If the action did not abate on the death of Nellie Ryan, as clearly it did not (Code Civ. Proc., sec. 385), the power expressly conferred upon the court to continue the proceeding against her personal representative carried with it an implied power to order a new summons to bring in the new party. If this is a correct view of the first proposition, the second need not be considered.

I concur in the order denying a rehearing.