MANN v. REDMON, Administrator of Estate of Edward E. Redmon, Deceased.

(137 N. W. 478.)

**Executors and administrators — claims against decedent's estate.**

1. Section 8105, providing that if suit is not brought on a rejected claim against a decedent's estate within three months after rejection "the claim is forever barred," declares a statute of nonclaim.

**Executors and administrators — claims against decedent's estate — limitations — waiver — nonclaim.**

2. The provisions of this statute cannot be waived by an administrator by demurring to a complaint; and a demurrer cannot constitute or be construed as a waiver in law of the administrator's right to plead by answer such statute of nonclaim as a defense.

**Executors and administrators — statutes of limitation — pleading — actions.**

3. Section 6770, providing that the objection that the statutes of limitations have barred recovery on a debt can be taken only by answer, has no application to this statute of nonclaim.

**Executors and administrators — actions — defenses.**

4. It is the duty of an administrator to interpose a defense under said statute whenever available.

**Demurrer overruled — amendment of answer —statute of nonclaim.**

5. Demurrer to complaint ordered overruled, but with leave to defendant to plead by answer the defense of the statute of nonclaim.

Opinion filed July 18, 1912.

From an order of the District Court of Cass county, *Pollock,* J., striking out a demurrer and denying leave to plead by answer the statute of nonclaim, and awarding plaintiff judgment on default, defendant appeals.

Reversed and a new trial ordered.

*Augustus Roberts* and *S. G. Roberts,* of Fargo, and *Geo. W. Newton,* of Bismarck, attorneys for appellant.

*Taylor Crum,* of Fargo, for respondent.

Goss, J. Respondent's counsel has filed a motion to strike out appellant's brief and for judgment for his failure to folio the same.

He also asks that the amended abstract be stricken for omission of material parts of the record, and for failure to omit immaterial parts thereof, and moves the dismissal of the appeal because of delay in the transmission of the record. After notice of motion, respondent has endeavored to cure these defects by having his brief folioed, and has transmitted the record on appeal to this court. While appellant is not without criticism, the motion is denied and the merits passed upon.

The complaint purports to state an action for damages for breach of contract on the part of an administrator of an estate. The leasing of certain land to Edward E. Redmon, his subsequent death, the failure to fully perform the lease, and damages resulting therefrom, constitute the alleged cause of action. The complaint pleads the appointment and qualification of the administrator, notice given to creditors, the presentation of this claim for damages against the estate, within the period limited for presentation of claims, and its rejection by the administrator. The claim was overdue on October 25, 1910, when presented. The summons is dated February 11, 1911. The complaint is not dated, except that the verification thereto is concededly erroneously dated in 1910.

To the complaint, defendant interposed the following pleading: "The defendant herein demurs to the complaint of plaintiff herein on the ground that it appears, upon the face of said complaint, that the same does not state facts sufficient to constitute a cause of action in this, that the said action was not commenced within the time limited by statute; namely, §§ 8103 and 8105 of the Revised Codes of the state of North Dakota of 1905." Thereupon, and before said demurrer was ruled upon, respondent's counsel moved the court to strike out the demurrer "as sham and frivolous" and "for judgment for the plaintiff herein as by default, no answer to the complaint having been served upon or received by the undersigned as required by the summons or at all within thirty days after the service of the summons and complaint." The motion was noticed for the first day of a term. Not to be outdone in the matter of motions, defendant's counsel immediately countered with a motion noticed for hearing simultaneously with the plaintiff's motion, "that the plaintiff's complaint in said above entitled action be struck out and dismissed with costs in favor of defendant, and that judgment of dismissal of the action be entered ac-

cordingly with costs." Whether the motions were ruled upon does not appear, except that the court, at the close of a written opinion specifying reasons for its holding, ordered "that said demurrer being regarded by this court as irrelevant, the same is stricken out, and the defendant is permitted to file an answer within thirty days from this date on any issues other than that set forth in the demurrer, to wit, the question of the statute of limitations."

From such order this appeal taken.

Whether the ruling be considered as having been made upon the motion to strike the demurrer, as was evidently intended, or whether the motions were wholly disregarded, as they should have been, and the ruling made instead upon the demurrer, is immaterial, as the effect would have been the same in either event. The same is true as to the grounds of irrelevancy, recited in the order, but not included within the written motion made. The ruling was in effect upon the demurrer. Appellants challenge the order made thereon on the following grounds: (1) That the so-called demurrer is an answer, and as such pleads the statute of nonclaim barring claims against the estate for failure to bring suit on such rejected claim within the time provided by §§ 8103 and 8105, Revised Codes of 1905; (2) that the court erred in denying defendant the right to plead the defense that the statute of nonclaim bars plaintiff's recovery.

The learned trial judge gave this question much consideration, as is apparent from his memorandum opinion. He held that by demurring "defendant waived the question of the statute of limitations," and held that § 6770 applied, requiring the statute of limitations to be invoked by answer, and denied that right. Acting presumably under § 6862, providing that "sham and irrelevant answers and defenses may be stricken out on motion upon such terms as the courts may in their discretion impose," the demurrer was stricken out and the condition imposed that in the answer the statute of limitations should not be plead. The fundamental error of the court was the same as that of respondent's counsel on this appeal, in not distinguishing between the characteristics of a statute of nonclaim and a general statute of limitation of actions. If the doctrine announced in Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381, is applied, to the effect that "the statute of limitations cannot longer be regarded with disfavor by the

courts, and that as a defense it stands on a par with other legal and meritorious defenses," the ruling in any event would have been error. But the statute of nonclaim is not analogous to the statute of limitation of actions, but instead is mandatory in nature, absolutely barring not only the administrator and the probate judgment, but the court in which the litigation may be, from adjudging as valid a claim, formerly rejected by the administrator or county judge as invalid, whenever it shall appear by the pleadings or by the proof that the suit was not brought thereon within the period of three months, provided by § 8105, unless the time be extended by the provisions of § 8106. As is said in Fitzgerald v. First Nat. Bank, 64 Iowa, 260, 89 N. W. 813, it was the duty of the court "on its own motion to insist upon this defense where it was apparent the administrator has neglected it." Part 7, vol. 1 Church's New Probate Law & Practice. 1 Ross Probate Law & Procedure, §§ 339–349; Vrooman v. Li Po Tai, 113 Cal. 302, 45 Pac. 470; Jones v. Powning, 25 Nev. 399, 60 Pac. 833; Boyce v. Fisk, 110 Cal. 107, 42 Pac. 473; Clayton v. Dinwoodey, 33 Utah, 251, 93 Pac. 723, 14 Ann. Cas. 926; Union Sav. Bank v. Barrett, 132 Cal. 453, 64 Pac. 713, 1071; O'Keefe v. Foster, 5 Wyo. 343, 40 Pac. 527; Rockport v. Walden, 54 N. H. 167, 20 Am. Rep. 131; Pulliam v. Pulliam, 10 Fed. 53–74, 77; Miner v. Aylesworth, 18 Fed. 199. See title, Limitation of Actions, in 33 Century Dig. § 662; 12 Decen. Dig. § 175; and title, Executors and Administrators, 22 Century Dig. § 1755; and 9 Decen. Dig. § 225.

As to whether the demurrer will here invoke the statute of nonclaim, we hold it will not, because we must consider matter *dehors* the face of the complaint to enable us to determine the date of the commencement of this action. While authorities are found supporting the doctrine that the summons may be considered with the complaint to determine whether the action as brought is barred by a statute of limitations, the weight of authority is the other way. That it may be consulted, see Dielmann v. Citizens' Nat. Bank, 8 S. D. 263, 66 N. W. 311; Patterson v. Thompson (C. C.) 90 Fed. 647; Smith v. Day, 39 Or. 531, 64 Pac. 812, 65 Pac. 1055. But as sustaining our holding and announcing the weight of authority, see Smith v. Day, supra, overruling former contrary holding: Brooks v. Metropolitan L. Ins. Co. 70 N. J. L. 36, 56 Atl. 168; Columbia Sav. & L. Asso. v. Clause, 13

Wyo. 166, 78 Pac. 708, and authorities there collected, a case on all fours with the one at bar. The date of the commencement of the action not appearing from the face of the complaint, the demurrer should be overruled.

Respondent urges that the defendant was in default when the court struck out the so-called demurrer, and that the court, in its discretion, therefore had the right to deny defendant leave to answer and therein plead this statute of nonclaim. The answer to this contention is that under the foregoing authorities the court was obliged to allow the defense to be pleaded; and further, granting that discretion remained in the trial court as to permitting answer after its ruling made on the demurrer, the order striking it out amounting to the overruling of it, the very order appealed from shows an exercise of such discretion in defendant's favor. He was permitted to answer, but the right to plead this particular defense was denied him, and this was error. The court's discretion was exercised when it granted him time within which to plead and the permission to answer. With the right to plead granted he could assert any available defense to plaintiff's cause of action.

One other question needs brief mention. Respondent has plead that the administrator, upon whose official act the estate is sought to be held, was by the will of deceased "made his sole heir." In his brief he urges that this should suspend the application of the statute of nonclaim and allow suit to be maintained against the estate, even after the expiration of the statutory period, and urges that the administrator is not in this instance acting as a trustee, but as the sole heir he is acting for himself alone. We know of no authority for counsel's position. This is an action at law against an estate for damages. The estate is defendant, not the administrator individually. He is a trustee for the estate in which creditors may be interested for aught we know. Whether the estate in fact belongs to one heir or many, or will be consumed in paying creditors of deceased, as to whom the administrator must be a trustee, is not involved in this action, and is immaterial under the issues presented.

The action of the trial court in striking out the demurrer amounted to overruling it. That part of the order entered therein denying defendant the right to plead the statute of limitations by answer was error. The limitation declared by § 8105, and here invoked, is one

of nonclaim regulating the right of review by action of a claim previously declared invalid in a probate proceeding. Section 6770, requiring general statutes of limitation to be availed of by answer if at all, or otherwise be waived, has no application to this mandatory statute of nonclaim, the bar of which cannot be waived.

Accordingly, it is ordered that the order for judgment appealed from be vacated, and that the district court permit an answer to plaintiff's amended complaint to be served and filed; and that defendant be allowed to plead and thereafter defend on the ground of failure of plaintiff to commence action within the period prescribed by §§ 8105 and 8106, after rejection by the administrator of the claim sued on. Appellant will recover the costs on this appeal. It is so ordered.