MARY L. MANN v. W. F. REDMON, Administrator of the Estate
of Edward E. Redmon, Deceased.

(145 N. W. 1031.)

From a judgment ordered on a motion for judgment on the pleadings, on
the grounds that by plaintiff's complaint and summons, and proof of the date
of service thereof, it was affirmatively established that the action was brought
more than ninety days after the claim became rejected by the administrator,
defendant appeals, contending that the statute of nonclaim, § 8105, Rev. Codes
1905, must be raised by answer to be available as a defense, and that when so
raised he may prove facts avoiding its force without having plead them, under
§ 6878, Rev. Codes 1905, providing that new matter in an answer "is to be
deemed controverted by the adverse party as upon a direct denial or avoidance
as the case may require." *Held:*—

**Claim against estate — presentation — rejection — proving — suit — time of
bringing — tolling of statute — cause of action.**

1. The necessity of proving the presentation and rejection of a claim against
a decedent's estate, and of suit begun within ninety days from such rejection,
is upon plaintiff as a part of the proof of his cause of action, and this without
regard to whether the defendant has answered pleading the statute of non-
claim.

**Complaint — summons — proof of service — lapse of time — judgment of
dismissal — motion for.**

2. Where the complaint, summons, and proof of service affirmatively and con-
clusively show that the action brought upon such a claim against a decedent's
estate was not commenced until ninety-seven days after the rejection of a claim
by the administrator, or one hundred and seven days after its presentation,
judgment of dismissal for want of a cause of action was properly entered upon
motion therefor, based upon the summons, complaint, and proof of service.

Opinion filed February 28, 1914. Rehearing denied March 24, 1914.

Judgment of dismissal of action granted on motion by the District
Court of Cass County, *Pollock*, J.

Affirmed.

*Taylor Crum*, for appellant.

Plaintiff has an absolute legal right to contest the allegations of
defendant's answer, either as upon direct denial, or avoidance, as the

case may be. N. D. Rev. Codes, 1905, § 6878; Stenson v. Elfmann, 26 S. D. 134, 128 N. W. 588; Gull River Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743; Scott v. Northwestern Port Huron Co. 17 N. D. 91, 115 N. W. 192; Meyer v. School Dist. 4 S. D. 420, 57 N. W. 68; Lyon v. Plankinton Bank, 15 S. D. 400, 89 N. W. 1017; Viele v. Germania Ins. Co. 26 Iowa, 9, 96 Am. Dec. 90; Powers v. Kueck-hoff, 41 Mo. 425, 97 Am. Dec. 281; Curtiss v. Sprague, 49 Cal. 301.

Estoppels *in pais* are not required to be pleaded. Rev. Codes 1905, §§ 6851, 6863, 6878; Rogers v. King, 66 Barb. 495; Sass v. Thomas, 6 Ind. Terr. 60, 11 L.R.A.(N.S.) 267, 89 S. W. 656.

All new matter set up in the answer, not amounting to a counter-claim, the plaintiff may now reply to, by his proof. Sass v. Thomas, 82 C. C. A. 19, 152 Fed. 627; Babcock v. Maxwell, 21 Mont. 507, 54 Pac. 943; Arthur v. Homestead F. Ins. Co. 78 N. Y. 467, 34 Am. Rep. 550; Argall v. Jacobs, 87 N. Y. 114, 41 Am. Rep. 357; Argot-singer v. Vines, 82 N. Y. 315; Dean v. Crall, 98 Mich. 591, 39 Am. St. Rep. 571, 57 N. W. 813; Gooding v. Underwood, 89 Mich. 187, 50 N. W. 818; Pearson v. Hardin, 95 Mich. 360, 54 N. W. 904; Towney v. Sparks, 23 Neb. 142, 36 N. W. 375; Caldwell v. Auger, 4 Minn. 217, Gil. 156, 77 Am. Dec. 515; Coleman v. Pearce, 26 Minn. 123, 1 N. W. 846; Welland Canal Co. v. Hathaway, 8 Wend. 480, 24 Am. Dec. 51; Hostler v. Hays, 3 Cal. 302.

It is the law that if, pending the running of the statute, the time of payment has been extended by the creditor with the assent of the debtor, the statute does not run during such suspension; it is not necessary that such contract be in writing and signed by the debtor. State Loan & T. Co. v. Cochran, 130 Cal. 245, 62 Pac. 466, 600; Wood, Limitations, § 76; Bridges v. Stephens, 132 Mo. 524, 34 S. W. 555; Gaylord v. Van Loan, 15 Wend. 308; Holman v. Omaha & C. B. R. & Bridge Co. 117 Iowa, 268, 62 L.R.A. 395, 94 Am. St. Rep. 293, 90 N. W. 833; Schroeder v. Young, 161 U. S. 334, 40 L. ed. 721, 16 Sup. Ct. Rep. 512.

Plaintiff relied upon the agreement with defendant, and the defendant is estopped from interposing the bar of the statute. Armstrong v. Levan, 109 Pa. 177, 1 Atl. 204; Utica Ins. Co. v. Bloodgood, 4 Wend. 652; Smith v. Lawrence, 38 Cal. 24, 99 Am. Dec. 344; Cecil v. Henderson, 121 N. C. 244, 28 S. E. 481; State Trust Co. v. Sheldon,

68 Vt. 259, 35 Atl. 178; State Loan & T. Co. v. Cochran, 130 Cal. 245, 62 Pac. 466, 600; Quick v. Corlies, 39 N. J. L. 11; Paddock v. Colby, 18 Vt. 485; Herman, Estoppel, § 825; Cowart v. Perrine, 21 N. J. Eq. 101; Gaylord v. Van Loan, 15 Wend. 308; Randon v. Toby, 11 How. 493, 13 L. ed. 784; Warren v. Walker, 23 Me. 453; Hodgdon v. Chase, 29 Me. 47; Schroeder v. Young, 161 U. S. 334, 40 L. ed. 721, 16 Sup. Ct. Rep. 512; Bish v. Hawkeye Ins. Co. 69 Iowa, 184, 28 N. W. 553; Little v. Phoenix Ins. Co. 123 Mass. 380, 25 Am. Rep. 96; Bridges v. Stephens, 132 Mo. 524, 34 S. E. 555; 1 Wood, Limitations, 2d ed. § 76; 13 Am. & Eng. Enc. Law, 718; Missouri P. R. Co. v. B. F. Coombs & Bro. Commission Co. 71 Mo. App. 299; Wells, F. & Co. v. Enright, 127 Cal. 669, 49 L.R.A. 647, 60 Pac. 439; Clark v. Augustine, 62 N. J. Eq. 689, 51 Atl. 68; Kellogg v. Dickinson, 147 Mass. 432, 1 L.R.A. 346, 18 N. E. 223; Noyes v. Hall, 28 Vt. 645.

Forbearance to sue was a sufficient consideration. Bank of Woodland v. Heron, 122 Cal. 107, 54 Pac. 537; Smith v. Lawrence, 38 Cal. 24, 99 Am. Dec. 344; Wood v. Goodfellow, 43 Cal. 185; Randon v. Toby, 11 How. 493, 13 L. ed. 784; Wood, Limitations, § 76; State Loan & T. Co. v. Cochran, 130 Cal. 245, 62 Pac. 466, 600; Wells, F. & Co. v. Enright, 127 Cal. 669, 49 L.R.A. 647, 60 Pac. 439.

The promise to waive the statute being conditional, plaintiff must bring herself within the terms of the promise. Wood, Limitations, § 77; Robbins v. Otis, 1 Pick. 368; Bush v. Barnard, 8 Johns. 407; Davies v. Smith, 4 Esp. 36.

"When the reason of a rule ceases, so should the rule itself." Rev. Codes 1905, § 6659; Clark v. Augustine, 62 N. J. Eq. 689, 51 Atl. 68; Broom, Legal Maxims, 7th ed. 159.

The maxims of jurisprudence are not intended to qualify the positive rules of law, but to aid in their just application. Carroll v. Rye Twp. 13 N. D. 465, 101 N. W. 894; Green v. Liter, 8 Cranch, 229, 249, 3 L. ed. 545, 552; Re Amendments to Rules 1 & 10, 27 L. ed. 629, 1 Sup. Ct. Rep. 125, 108 U. S. 3; People ex rel. Loomis v. Canal Appraisers, 33 N. Y. 483; Reno Smelting Mill. & Reduction Works v. Stevenson, 20 Nev. 269, 4 L.R.A. 64, 19 Am. St. Rep. 364, 21 Pac. 317; Collins v. Chartiers Valley Gas Co. 131 Pa. 143, 6 L.R.A. 280, 17 Am. St. Rep. 791, 18 Atl. 1012; Isaacs v. Barber, 10 Wash. 124, 30 L.R.A. 680, 45 Am. St. Rep. 772, 38 Pac. 871; State v. Becker, 3 S. D.

29, 51 N. W. 1018; Shayne v. Evening Post Pub. Co. 168 N. Y. 70, 55 L.R.A. 777, 85 Am. St. Rep. 654, 61 N. E. 115; Kerner v. McDonald, 60 Neb. 663, 83 Am. St. Rep. 550, 84 N. W. 92.

*Augustus Roberts* and *Pollock & Pollock,* for respondent.

This action was not commenced within the ninety days' period as fixed by the statute, and is therefore barred. Mann v. Redmon, 23 N. D. 508, 137 N. W. 478; Rev. Codes 1905, § 8105; Singer v. Austin, 19 N. D. 546, 125 N. W. 560; Farwell v. Richardson, 10 N. D. 34, 84 N. W. 558; Fitzgerald v. First Nat. Bank, 64 Neb. 260, 89 N. W. 813; Mars v. Oro Fino Min. Co. 7 S. D. 605, 65 N. W. 19; Haug v. Great Northern R. Co. 42 C. C. A. 167, 102 Fed. 74.

After plaintiff's claim had been rejected, it was not within the power of defendant to waive the provisions of the statute, or to extend the time within which to bring suit. Farwell v. Richardson, 10 N. D. 34, 84 N. W. 558; Singer v. Austin, 19 N. D. 546, 125 N. W. 560; Underwood v. Brown, 7 Ariz. 19, 60 Pac. 700; Dern v. Olsen, 18 Idaho, 358, 110 Pac. 164, Ann. Cas. 1912A, 1; Bank of Montreal v. Buchanan, 32 Wash. 480, 73 Pac. 482; Boyce v. Fisk, 110 Cal. 107, 42 Pac. 473; Wells, F. & Co. v. Enright, 127 Cal. 669, 49 L.R.A. 647, 60 Pac. 439.

There was no question of waiver in the case, because not pleaded. Bliss, Code Pl. 3d ed. § 364, and notes; 16 Cyc. 809; Bruce v. Phœnix Ins. Co. 24 Or. 486, 34 Pac. 16; Homberger v. Alexander, 11 Utah, 363, 40 Pac. 260; Eisenhauer v. Quinn, 36 Mont. 368, 14 L.R.A. (N.S.) 435, 122 Am. St. Rep. 370, 93 Pac. 38; Chapman v. Hughes, 134 Cal. 641, 60 Pac. 974, 66 Pac. 983.

Goss, J. This is the second appearance of this case. See Mann v. Redmon, 23 N. D. 508, 137 N. W. 478. This appeal is from a judgment of dismissal entered on a motion by defendant for judgment upon the pleadings and files. We need review but the complaint of the plaintiff, including an attached verified claim, by the terms of the complaint made a part thereof, and the date of service.

From the complaint it appears that the action is brought against the administrator of an estate to recover damages, that it was necessary to file such claim with the administrator for allowance in the usual course of administration, and that the claim was so filed for such pur-

pose after publication had been made of notice to creditors to present claims. The complaint reads: "That on the 25th day of October, 1910, at Fargo, North Dakota, the claim hereinbefore and hereinafter set forth, verified by the oath of the claimant and upon which this action is founded, was duly presented in writing by the plaintiff to. the defendant as such administrator for allowance. And that the same was by him as such administrator, as plaintiff is informed and verily believes, orally rejected, and, in so far as plaintiff is informed and believes, was never indorsed or filed with the court. That a duplicate copy of said claim is hereto attached and made a part of this complaint." The complaint was verified February 11, 1910, with the summons bearing the same date, and the return of the sheriff proved service made upon the administrator of summons and complaint February 16, 1911, to amend which return the officer receiving it for service testifies that he received the same for service February 14, 1911, and served the same upon the administrator two days later. And to this extent the original return of service is so amended, and thereon as amended, and upon the summons and complaint, defendant, on the eve of trial, moved for judgment of dismissal on the ground that it was established "by plaintiff's complaint that she presented her claim upon which this action is brought to the defendant administrator on the 25th day of October, 1910, in writing, duly verified, for allowance. That plaintiff did not bring this action until on or about the 11th day of February, 1911, as appears by the date of the plaintiff's summons, and not until the 14th day of February, 1911, as appears from the return of service of plaintiff's summons and complaint herein upon defendant by the sheriff of Cass county, . . . being more than 100 days after plaintiff presented her claim to the defendant herein, . . . and, therefore, that plaintiff's said claim at the time this action was commenced was by the statutes of nonclaim, §§ 8103–8106, Rev. Codes 1905, of North Dakota, forever barred, and that an action at law to enforce or collect said claim could not be brought at the time when this action was commenced or at any subsequent time." We have omitted, in quoting the motion, reference to the answer and the reply thereto, which latter had been withdrawn, treating the motion as based upon the summons complaint, and return of service as amended, thus taking as a basis a statement of facts most unfavorable to the defendant, inasmuch as the

answer pleads the statute of nonclaim and the reply admits that the suit was instituted too late, but attempts to plead a waiver or estoppel founded upon some oral agreement between the administrator and the plaintiff or her attorney, that the plaintiff could delay suing, and the administrator would waive the benefit of the statute of nonclaim, which reply was withdrawn by the court's permission in the face of a motion for judgment on the pleadings, withdrawal being allowed on the theory that it was an unnecessary pleading under the provisions of § 6878, Rev. Codes 1905, inasmuch as under said statute the new matter of the answer "is to be deemed controverted by the adverse party as upon direct denial or avoidance as the case may require." We can assume that the reply was needless, and ignore it, as we do the answer, and pass upon the law issue presented of whether defendant was entitled to judgment of dismissal upon plaintiff's own complaint, supplemented by the uncontrovertible proof of when the action was commenced. The trial court evidently concluded that plaintiff's complaint, considered with the fact of when the action was commenced, presented no issue for trial. We are of the same opinion. The statute had run against suit upon this claim on February 4, 1911, on which date the bar of the statute fell. The motion but assumed as true the complaint of the plaintiff, from which, together with the date of commencement of the action, it affirmatively appeared that no cause of action was stated. And this was so regardless of the answer. In the former appeal we did not adjudge a dismissal of plaintiff's action, because, as appears from that opinion, to do so it would have been necessary to consider matters *dehors* the complaint. Now we are not so limited, and must take notice of the date of the summons and the proof of service thereof in connection with the facts stated in plaintiff's complaint, all of which establish that plaintiff presents no issue, but instead affirmatively discloses that the facts plead could not constitute a cause of action. Had the motion not been made at the commencement of trial, but instead at the close of plaintiff's case, she could not, under her sworn complaint, have then avoided a directed verdict of dismissal. She would then be in exactly the same position she was in when the motion was made, the motion of course admitting as true every statement in the complaint. Thus plaintiff cannot change the issue presented by the contention that under § 6878, Rev. Codes 1905, she might on trial

have avoided the force of the statute of nonclaim. The order of proof would necessarily have to be changed to avail plaintiff under her contention, and this could not be done in any manner. Defendant was under no burden to offer any proof under his answer. Although he answered that did not relieve plaintiff from the necessity of proving, as a part of his cause of action, the seasonable presentation and rejection of the claim, and facts from which the court may either take judicial notice or learn that the suit is begun thereafter within the statutory period allowed for suit against the estate after rejection of claim. Otherwise the statute of nonclaim could in effect be waived by a mere failure to answer or plead the same. Plaintiff's contention is in effect that when she has proven the rejection of the claim she may then prove its merit, and the burden of establishing that the action is begun too late devolves upon the defendant, who must defend upon that ground, whereupon plaintiff may then either deny or avoid, under § 6878, Rev. Codes 1905, without further pleading. This reasoning assumes that a cause of action may be established against an estate without an affirmative showing on plaintiff's part that the same is brought within the three months' period provided after rejection of the claim, which is contrary to the law of this case as declared by our former holding, on first appeal, and Farwell v. Richardson, 10 N. D. 35, 84 N. W. 558, as well as contrary to the express terms of § 8105, Rev. Codes 1905, providing that if not sued "within three months after the date of its rejection . . . the claim is barred forever." The burden of proof cannot thus be shifted, but is right where it was at the commencement of this action, *i. e.,* upon the plaintiff to affirmatively establish as a part of her cause of action the jurisdictional facts of the rejection of the claim and the commencement of suit thereafter within the period allowed by law. Otherwise the claim is one within the cognizance of the probate court as made against a decedent's estate.

Counsel persists in contending that we are dealing with an ordinary statute of limitation of actions. We are not. That was set at rest in the former appeal. The time within which a suit must ordinarily be brought or be maintained, subject to a defense that the action is barred by facts showing the action to be limited by time, as under the ordinary statutes of limitation of actions, is one thing. There, the right of action, the claim, is barred by withholding the remedy, the action

for enforcement. Here, the claim itself does not exist against the estate, it having ceased to exist as such a claim at the expiration of the statutory period after rejection, unless it is kept alive by suit. In the former case, the limitation statute creates a limitation in repose; in the latter, a limitation in bar.

Defendant need not have answered. Plaintiff could not have procured judgment without proof of her cause of action, a part of which must have been of the fact of rejection; and, further, that suit was brought within the statutory time upon the rejected claim. Under proof of all facts recited in plaintiff's complaint, including proof that it was a claim being asserted against a decedent's estate, the court, being obliged to take judicial notice of its own records showing suit brought too late, could do nothing but dismiss because of failure of proof of a cause of action. Plaintiff's right to recover, therefore, cannot be made to depend upon whether she can avoid the defense as plead, but must be decided instead upon whether she has established a cause of action, assuming that she can prove all facts recited in her complaint. Under the statute and our own decisions, it is affirmatively established that plaintiff has no cause of action, and the judgment appealed from is affirmed, with costs.