H. A. CARLSON, Respondent, v. J. S. CHASE, as Administrator of the Estate of George J. Smith, Deceased, Appellant.

(215 N. W. 151.)

**Executors and administrators — action pending against deceased person — claim must be presented to executor or administrator.**

Section 8744 of the Compiled Laws of 1913, to the effect that, if any action is pending against a deceased person at the time of his death, the plaintiff must present his claim to the executor or administrator for allowance and that no recovery shall be had unless proof be made of the presentation, is mandatory and a judgment obtained without such proof will be reversed.

Opinion filed August 18, 1927.

Executors and Administrators, 24 C. J. § 940 p. 321 n. 65 New.

Appeal from the District Court of Mountrail County, *Lowe,* J. Reversed.

*R. E. Swendseid* and *F. F. Wyckoff,* for appellant.

A broker employed to find a purchaser is not entitled to a commission where no sale is made unless the purchaser is able, ready, and willing to take the property on the terms specified by the principal. 9 C. J. 595; 4 R. C. L. 308.

All three of these elements (able, ready, and willing) must exist in the customer in order to entitle the broker to his commission. 9 C. J. 599.

The burden of proving that they do exist rests upon the broker.   4 R. C. L. 308.

Actual sale is necessary to entitle a broker to his commission under a contract by which property is to be sold at a specified price for a specified commission, to be paid the broker out of instalment or purchase price as paid, unless the property owner refuses to deal with the customer produced by the broker, who is ready, able, and willing to purchase on the terms stated.   Watson v. Odell, 20 A.L.R. 280, 189 Pac. 772.

*F. W. Medbery,* for respondent.

In order for a real estate broker to be entitled to a commission he must have accomplished all that he undertook to do—found and produced a person ready, willing and financially able to purchase at the price and upon the terms and conditions fixed by the employer, and he must have been the procuring cause of the same, and the means employed by him and his efforts must have procured the sale.   In the absence of an express warranty of the financial ability of the purchaser produced by the broker, the broker does not lose his commission where a binding contract of sale is effected through his agency, because the purchaser is financially unable to carry out his contract.   Moore v. Irwin, 89 Ark. 289, 20 L.R.A.(N.S.) 1168, 131 Am. St. Rep. 97, 116 S. W. 223.

If the principal accepts the purchaser procured by the broker and enters into a binding contract with him, it will be presumed, in the absence of evidence to the contrary, that the purchaser is able to perform the contract.   Sprinder v. Orr, 82 Ill. App. 558; and cases cited pages 250 and 251 in note to Chaffee Case, 139 Am. St. Rep.

And where a broker is employed to procure a purchaser for property and presents to his principal a purchaser, it is then for the principal to decide whether the person presented is acceptable, and if without any fraud, concealment, or other improper practice.   The agent is entitled to his commission where he effects a valid written agreement for sale with the proposed purchaser upon the terms acceptable to the owner. Parker v. Walker, 86 Tenn. 566.

PER CURIAM.   The appeal in this case was taken five years ago.   The delay in its prosecution is not accounted for in the record.   The ac-

tion was brought to recover commission earned in the sale of real estate. In the complaint two causes of action were alleged. On the trial it was held that the allegations were insufficient to support the second cause of action and it was dismissed. The only issues involved in the judgment arise out of the first cause. The complaint alleges a contract between the plaintiff and George J. Smith, since deceased, whereby the plaintiff, if he could find a purchaser to a certain described tract of land on stated terms, should have as his commission all in excess of a certain sum; that thereafter the plaintiff found a purchaser with whom the defendant contracted to sell the land at a price which would result in the defendant receiving $240 more than the net price reserved. It is then alleged that the purchaser was ready, willing, and able to purchase the land and to carry out the contract but that the defendant refused and also refused to pay the commission earned by the plaintiff. To this complaint the defendant interposed a general denial. Upon the trial the complaint was amended to allege the death of the defendant, the issuance of letters of administration and the due presentation to the administratrix of proof of the claim. It does not appear that any answer was filed to the amended complaint. At the conclusion of the evidence for the plaintiff, the defendant moved for a directed verdict. The motion was denied and the defendant rested. Thereupon the plaintiff moved for a directed verdict and the motion was granted.

The record discloses that the plaintiff's evidence proves the allegations of the complaint except the allegation of the presentation of the claim to the administratrix. While there is no merit in the appellant's contention that the evidence does not show that the commission was earned, and while it may be true, as asserted by the respondent's counsel, that, as a matter of fact, the claim was duly presented, this court cannot avoid reversing the judgment. We must be guided solely by the record and we must necessarily give effect to mandatory statutes. Section 8744 of the Compiled Laws for 1913 specifically says that no recovery shall be had in an action against an administrator "unless proof be made of the presentation required." No such proof was made. The allegation in the complaint does not amount to proof and the fact that after answering the original complaint by general denial no separate answer was interposed to the amended complaint, does not alter

the situation. It is the duty of the court to see that this statute is complied with before entering judgment. Mann v. Redmon, 23 N. D. 508, 137 N. W. 478.

The judgment must, therefore, be reversed. It is so ordered.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, BURKE and BURR, JJ., concur.