Carl J. REITH, Executor of the Estate of
Edward Carl Berg, Deceased,
Appellant,

v.

COUNTY OF MOUNTRAIL and State of
North Dakota, Respondents.

No. 7894.

Supreme Court of North Dakota.

Aug. 6, 1960.

Lyons & Beauclair, Valley City, for Estate of Edward Carl Berg, Decd., appellant.

Leslie R. Burgum, Atty. Gen., Dale H. Jensen, Asst. Atty. Gen., and Roger A. McKinnon, Bismarck, for respondents.

MORRIS, Judge.

On May 19, 1922 Edward Carl Berg, now deceased, made an application for the admission to the Grafton State School of his son Clifford Berg. The son was admitted to the school on August 11, 1922, where he remains. Mountrail County was billed for the care of Clifford Berg.

The father died in September 1957 and his estate is now in the course of probate in the County Court of Barnes County. Notice to creditors was published in May 1958 pursuant to the provisions of Section 30–1802 1957 Supplement to NDRC 1943. The last date for filing claims prescribed by this notice was August 1, 1958. The date for adjusting claims was set for August 15, 1958.

On August 18, 1958 the county auditor of Mountrail County filed a claim on behalf of that county against the estate of Edward Carl Berg for the care of Clifford Berg at the Grafton State School from August 11, 1922 to June 30, 1958 inclusive in the sum of $7,146.50. On August 23, 1958 the county auditor filed another claim for the additional amount of $2,760.59 as the State's share of the care of Clifford Berg for the quarter ending September 30, 1941 to the quarter ending June 30, 1958. The county court heard and denied both of these claims on the ground that they had been filed after the time prescribed by the notice to creditors had expired and were therefore barred under the provisions of Section 30–1804 NDRC 1943. The County of Mountrail appealed to the District Court of Barnes County and was joined therein by the State of North Dakota as an interested party. Section 30–1811 NDRC 1943. The district court, on appeal from the county court's order denying the allowance of these claims, reversed that order and caused judgment to be entered directing

that the claims be allowed and paid. The executor of the estate appeals from that judgment.

We first address our attention to the nature of the liability represented by these claims. The state school is maintained for the relief and instruction of the feeble-minded and for the care and custody of the epileptic and idiotic of the state. Section 25-0402 NDRC 1943. The expense of the care, board and treatment of each inmate is a charge upon the county from which the inmate is sent. Section 25-0409 1957 Supplement NDRC 1943.

Section 25-0822 NDRC 1943 provides that:

"The person legally responsible for the support of any patient at the state school shall pay to the county treasurer monthly, for the use of the county or state, the amount properly chargeable for the care of such patient at such institution. The county treasurer shall retain for the county such amounts as may have been paid by the county on account of such care and shall remit the balance to the state treasurer. If the person liable to pay such amount fails or neglects to make payment upon demand by the county auditor, the board of county commissioners shall direct the state's attorney to bring suit for the recovery of such payments as are delinquent."

Section 25-0826 1957 Supplement to NDRC 1943, enacted as Section 21, Chapter 196, Session Laws N.D.1957, provides that:

"The county auditor is hereby authorized to collect the expenses for the treatment and maintenance of the county's patients at the state hospital, state school, or the state sanatorium, incurred by the county or the state, including the amount advanced by the state from the institutional support funds. Such expenses may be collected from such patients after they have been discharged from such institutions as cured, or from their estates if they are dead.

"The full and actual costs of the county and state for care and treatment of patients hospitalized at the state hospital shall be collected monthly by the county auditor from the patient or his estate or from relatives responsible by law for such patient's support in all instances where such patient or responsible relatives are financially able to pay. * * * If the person liable for the payment of costs as provided herein shall fail or refuse to pay such amount, the county auditor shall inform the county mental health board, and it shall direct the state's attorney to bring suit for the recovery of delinquent payments."

Section 14-0910 NDRC 1943 makes it the duty of the father of a poor person who is unable to maintain himself by work to maintain such person to the extent of the father's ability.

Under the provisions of Section 25-0823 NDRC 1943 any person legally responsible for the support of a patient at the state school who is unable to pay for the care and support of the patient may apply to the county judge of the county from which the patient was admitted for a certificate to that effect. It does not appear that Edward Carl Berg during his lifetime ever secured such a certificate. On the other hand it does appear that the value of his estate is approximately $31,000.

■ When the father applied for the admittance of his son he presumably knew that the law made him responsible for the care and maintenance of the son under the provisions of Section 14-0910 NDRC 1943 if the son was unable to maintain himself. Bismarck Hospital v. Harris, 68 N.D. 374, 280 N.W. 423, 116 A.L.R. 1274. The father having the legal duty to care for and support his son, by his application secured the services of the state school to perform

that duty for him. When the school furnished the care and maintenance which admission to the school entailed, the father's obligation to pay for those services was more than statutory. His application and the admission of his son pursuant thereto gave rise to a contract implied in fact which is the basis for the claims that are now filed against his estate. Whether claims such as those here presented may be said to arise upon a contract implied in law, in the absence of an application by the father, we find unnecessary to determine.

Section 30–1804 NDRC 1943 provides:

"All claims against the estate of a decedent arising upon contract, whether due, not due, or contingent, must be presented within the time limited in the notice to creditors and any claim not so presented is barred forever."

Under stipulated facts it is clear that the claims were not presented within the time prescribed in the notice to creditors. They are barred if they are claims "arising upon contract." The care and maintenance of Clifford Berg were furnished by the state school at the request of his father who was legally bound to support him. The fact that Section 25–0822 provided for the father's liability and its extent does not destroy the contractual nature of the father's obligation. Its statutory and contractual attributes do not conflict and may exist side by side. Hays v. Bank of America National Trust and Savings Association, 71 Cal.App.2d 301, 162 P.2d 679. See also Carr v. Anderson, 154 Minn. 162, 191 N.W. 407, 26 A.L.R. 557; 17 C.J.S. Contracts § 6. In Baird v. McMillan, 53 N.D. 257, 205 N.W. 682, 41 A.L.R. 177, this court treated the statutory superadded liability of the holder of stock in a state bank as a claim against the estate of a deceased stockholder arising upon a contract but denied the application of the bar on the ground that there was in existence no legal person capable of presenting the claim within the time prescribed in the notice to creditors. We reach the conclusion that the claims presented by the county auditor of Mountrail County are claims arising upon contract within the meaning of Section 30–1804 NDRC 1943, that they were not presented within the time limited in the notice to creditors published pursuant to the provisions of Section 30–1802 1957 Supplement to NDRC 1943, and are therefore barred forever.

California statutes pertaining to the presentation, filing and payment of claims against estates of deceased persons are comparable to ours. The respondents, Mountrail County and State of North Dakota, cite two California cases in support of the contention that their claims do not arise upon contract but are of purely statutory origin. People v. Hochwender, 20 Cal.2d 181, 124 P.2d 823, involves a claim against the estate of a deceased for delinquent sale taxes, interest and penalties. It was there held that taxes are not debts due by contract and that the relationship between the sovereign and taxpayer is not founded on contract and does not create any contractual rights. For that reason it was held that the action to recover delinquent sale taxes was not barred by the failure to file a claim within the time prescribed in the notice to creditors.

Department of Social Welfare of State of California v. Stauffer, 56 Cal.App.2d 699, 133 P.2d 692, 693, involved an action to recover from the estate of a deceased recipient of old age security payments, who possessed property or income in excess of the amount allowed by law and thus was not entitled to receive such payments under a statute providing that:

"'If, on the death of a recipient of aid under this chapter, it is found that he was possessed of property or income in excess of the amount allowed under the provisions of this chapter and that he has not disclosed the same to the board of supervisors, double the amount of the aid paid him in excess of that to which he was legally entitled may be recovered by the Department of

Social Welfare as a preferred claim from his estate * * *."

The opinion says:

"The right of the state, upon the death of a recipient of aid under the Old Age Security Law, to recover because of the recipient's failure to truthfully disclose in his application for aid the possession of property or income in excess of a given amount is penal in its nature."

The court reached the logical conclusion that the claim was for a penalty of statutory origin and cannot be reasonably said to be based upon express or implied contract. It also pointed out that the penalty against the estate did not come into existence until after the death of the deceased. We do not question the determination of the California courts in either of these cases but they are readily distinguishable from the case before us in which the deceased made an application for the care and maintenance of his son which was the origin of his obligation to reimburse the state school. That obligation is contractual in its nature and involves neither a tax nor a penalty.

It has been further suggested that the claim filed by Mountrail County on behalf of the State and the claim filed by Mountrail County on its own behalf are not subject to the bar provided in Section 30–1804 NDRC 1943 because the claims arise from acts of the sovereign state in its governmental capacity and its agency and subdivision, the county. The policy of the State with respect to the availability of the statute of limitations against it is set forth in Section 28–0123 NDRC 1943 as follows:

"The limitations prescribed in this chapter shall apply to actions brought in the name of the state, or for its benefit, in the same manner as to actions by private parties."

■ In Rosedale School District Number 5 v. Towner County, 56 N.D. 41, 216 N.W. 212, this court determined that coun-

ties and school districts are amenable to statutes of limitation. While Section 30–1804 is a statute of nonclaim rather than a statute of limitation and does not fall directly within the application of Section 28–0123 quoted above, its very nature commends its application to claims of the state. As a statute of nonclaim it goes to the existence of the right of action rather than a limitation as to time within which an action may be brought. That difference is pointed out in Mann v. Redmon, 27 N.D. 346, 145 N.W. 1031, 1033, in these words:

"Counsel persists in contending that we are dealing with an ordinary statute of limitation of actions. We are not. That was set at rest in the former appeal. (23 N.D. 508, 137 N.W. 478). The time within which a suit must ordinarily be brought or be maintained, subject to a defense that the action is barred by facts showing the action to be limited by time, as under the ordinary statutes of limitation of actions, is one thing. There, the right of action, the claim, is barred by withholding the remedy, the action for enforcement. Here, the claim itself does not exist against the estate, it having ceased to exist as such a claim at the expiration of the statutory period after rejection, unless it is kept alive by suit. In the former case, the limitation statute creates a limitation in repose; in the latter, a limitation in bar."

In Washington and California nonclaim statutes similar to ours have been held to embrace the state within the scope of the bar. State v. Evans, 143 Wash. 449, 255 P. 1035, 53 A.L.R. 564; People v. Osgood, 104 Cal.App. 133, 285 P. 753. It should be noted that in Washington the general statute of limitations does not run against the state, which is contrary to the rule in North Dakota.

■ In Donnally v. Montgomery County Welfare Board, 200 Md. 534, 92 A.2d 354, 34 A.L.R.2d 996, it is held that nonclaim

statutes are not subject to the rule that a statute of limitations does not run against a state in its exercise of governmental powers unless the statute expressly so provides. In pointing out the difference between the statutes of limitation and nonclaim statutes, the court, in Bahr v. Zahm, 219 Ind. 297, 37 N.E.2d 942, 944, said:

"It seems to us that the difference between the statutes here involved is basic. The non-claim statute relates to the exercise of a right, while the statute relieving the state from the operation of statutes of limitation pertains only to remedies. The non-claim statute imposes a condition precedent to the enforcement of a right of action, while statutes of limitation create defenses that must be pleaded and may be waived. We do not know of any statute or rule of law that relieves the state of Indiana from the obligation to perform conditions precedent upon which the enforcement of a right of action is made to depend."

That there is a divergence of authority on the question clearly appears from an annotation found in 34 A.L.R.2d 1003. However, in this state where the legislature has by Section 28–0123 NDRC 1943 made statutes of limitation applicable to actions brought by the state or for its benefit, we have no hesitancy in holding that nonclaim statutes are likewise applicable.

Our determination is that the claims of Mountrail County in behalf of itself and in behalf of the State of North Dakota are claims arising upon contract, that they were not exhibited to the county court within the time prescribed in the notice to creditors published pursuant to Section 30–1802, 1957 Supplement to NDRC 1943 and are therefore barred forever. The district court erred in causing judgment to be entered directing the allowance and payment of these claims. That judgment is therefore reversed.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.