Carol **LINSTER**, Administratrix of the Estate of Bernice Pommier, Plaintiff and Respondent,

v.

Gerald **HOLMEN**, d/b/a Holmen's Home Furnishings, Defendant and Appellant.

No. 7954.

Supreme Court of North Dakota.

Aug. 17, 1962.

Joseph P. Stevens, Minot, for defendant and appellant.

Waldron & Kenner, Minot, for plaintiff and respondent.

BURKE, Judge.

Plaintiff, as administratrix of the estate of Bernice Pommier, deceased sued the defendant for an accounting. In her complaint she alleged that the deceased had been employed by the defendant for many years and that during the last two and one-half years prior to her death, the deceased had made many loans to, and advances on behalf of, the defendant in unstated amounts: that the plaintiff had made demand on the defendant to give an accounting and to pay to the estate of the decedent, the balance due the estate by reason of unpaid salary, advances and loans and that defendant refused to give such an accounting or make any payment. In her prayer for relief plaintiff asked that defendant be required to produce all of his books and records; that he be required to account to plaintiff for all moneys due the estate of the deceased for unpaid salary and unpaid loans and that the court determine the amount due the estate of the deceased from the defendant and render judgment for such amount.

The defendant answered denying that he was indebted to the estate of the deceased in any amount. He also counterclaimed, alleging that he had made advances to the deceased, in money and merchandise, in excess of her salary in a total amount of $1,388.00. He demanded judgment on the counterclaim for this amount.

The case was tried to the court without a jury and the trial court found that the evidence was insufficient to establish a claim on behalf of either party to the suit. Judgment was entered dismissing both the complaint and the counterclaim and the defendant has appealed from the judgment and demanded a trial anew in this court.

The plaintiff's theory of the case was that certain cancelled checks, payable either to the defendant or other persons in his behalf, and drawn by the deceased on her bank account, represented advances on behalf of, or loans to, the defendant and that these loans and advances had not been repaid. To substantiate this theory the plaintiff called the defendant for cross-examination under Rule 43(b) Rules of Civil Procedure. Defendant on such examination testified that some of the checks represented loans to him and that some of them represented repayment of loans made by him to the deceased. He stated that the deceased had been employed by him for seven years and that during all of that time, they had helped each other by loans and advances on salary to be earned, as occasion demanded, and that at the time of deceased's death there was a balance in excess of $1,300.00 due him as a result of these transactions. Defendant's records were incomplete. He stated that some advances made to defendant were cash advances made from the till, or on some occasions, by currency from his wallet, and that no permanent records were made of many of these transactions.

We have no doubt but that the trial court's finding that the evidence was insufficient to establish a claim on plaintiff's part was correct. Plaintiff's evidence consisted solely of the cancelled checks drawn on the deceased's account and defendant's explanation as to the nature of the transactions in which the checks were issued.

There was no evidence which contradicted defendant's testimony.

Against defendant's counterclaim plaintiff urged the statute of non-claim. It was established that defendant had actual notice of the proceedings to probate the estate of the deceased Bernice Pommier and of the publication of notice to creditors in such proceeding. It was also established that the time for filing claims in said proceeding had expired prior to the commencement of this action and that defendant had not filed the claim urged as a counterclaim herein. Plaintiff asserts that the failure to file the claim is an absolute bar to the counterclaim. On the other hand the defendant cites Sec. 30–24–16 NDCC as statutory authority for the allowance of an unfiled claim against an estate, as a counterclaim in an action brought by an executor or administrator on behalf of an estate. The pertinent provision of the statute reads:

"In such case, the defendant may set off any claim he may have against the deceased instead of presenting it to the court, and all mutual claims may be set off in such action. If judgment shall be rendered in favor of the defendant, the same shall be certified by the court rendering it to the county court and it shall be considered the true balance and shall be paid as other claims allowed against the estate are paid."

In Larson v. Quanrud, Brink & Reibold, 78 N.D. 70, 47 N.W.2d 743, 29 A.L.R.2d 230, we held that a defendant may assert a claim against the deceased in mitigation of plaintiff's damages where the claim has not been filed with the county court and the time for filing claims has expired. The question here is: May the defendant recover damages in such a case if it appears that his claim against the plaintiff is larger in amount than the plaintiff's claim against him?

Sec. 30–18–04 NDCC provides:

"All claims against the estate of a decedent arising upon contract, wheth-er due, not due, or contingent, must be presented within the time limited in the notice to creditors and any claim not so presented is barred forever. Such notice shall not affect the right nor limit the time of foreclosure of a mortgage or other lien, but no balance of the debt secured by a mortgage or other lien and remaining unpaid after the foreclosure shall be a claim against the estate, unless such debt is presented as is required in this chapter."

This statute is not a statute of limitations but of non-claim and failure to file a claim is jurisdictional and destroys any cause of action on the claim. Mann v. Redmon, 27 N.D. 346, 145 N.W. 1031; Graber v. Bontrager, 69 N.D. 300, 285 N.W. 865.

It is defendant's claim here that Sec. 30–24–16, supra, operates to revitalize a claim which has become defunct under the provisions of Sec. 30–18–04, supra, and that the institution of an action by an executor or administrator against the holder of a barred claim removes the bar and enables the claimant to recover on a counterclaim. We do not so construe these statutes. The first clause of Sec. 30–24–16, above quoted, provides: "In such case, the defendant may set off any claim he may have against the deceased instead of presenting it to the court * * *." This clause grants the defendant an option, either to plead his claim as an offset in the action against him or to present such claim to the county court for allowance. It must therefore apply to a situation in which the claim could still be presented to the court or before the time for filing claims has expired. During such time the pleading of a counterclaim eliminates the necessity of filing a claim with the court. It would be most unreasonable to say that a claimant, whose claim was absolutely barred by the statute of non-claim and who has no right of action upon such claim as a plaintiff, would have that right of action restored as a counterclaim in a suit against him brought by the administrator of an estate.

This view of the statutes does not, however, prevent a defendant in a suit brought by an administrator from asserting a barred claim in mitigation of plaintiff's damages for while the defendant's claim may be barred, the debt remains and the recovery by the plaintiff, administrator, should properly be limited to the net debt due the estate from the defendant.

Since the defendant had no right of recovery against the plaintiff the decision of the trial court, dismissing defendant's counterclaim was correct.

The judgment of the district court is affirmed.

SATHRE, C. J., and MORRIS, STRUTZ and TEIGEN, JJ., concur.