HERMAN OLTMAN v. FRED YOST.[1]

Oct. 17, 1895.

Nos. 9712—(280).

**Justice Court—Change of Venue—Waiver of Objection.**

When, in justice's court, a party, upon an insufficient affidavit, applies for and obtains the transfer of an action to another justice, he cannot afterwards be heard to raise the objection that the cause was improperly transferred.

**Necessaries Furnished Wife—Lodging.**

Evidence *held* sufficient to justify a judgment against the husband for rent of lodgings for his wife, as necessaries furnished her while living apart from her husband.

Appeal by defendant from a judgment of the district court for Martin county, in favor of plaintiff for $79.91, entered in pursuance of the order of Severance, J.   Affirmed.

*Ward, Dunn & Ward,* for appellant.

*B. F. Voreis,* for respondent.

[1] Reported in 64 N. W. 564.

MITCHELL, J.   This action was commenced before a justice of the peace.   The defendant applied for and obtained a transfer of the action to another justice, on the ground that the first justice was a material witness for him in the cause.   The defendant appeared before the justice to whom the action had been transferred, and objected to his jurisdiction, on the ground of the insufficiency of his own affidavit upon which he had applied for and secured the transfer of the action.  · This objection having been overruled, the action proceeded to trial on the merits upon the issues joined by the pleadings.   The defendant participated in the trial, and introduced evidence in his own behalf.   The trial resulted in a judgment in favor of the plaintiff, from which defendant appealed to the district court, on questions of law alone.   The district court affirmed the judgment of the justice, and the defendant appealed to this court.

1. The objection raised to the affidavit upon which the action was transferred was that, while it stated that the first justice was a material witness for the defendant, it did not state that defendant could not safely proceed to trial without his testimony, as required by the statute.   G. S. 1894, § 4974.   The courts have sometimes gone to a most unreasonable length in holding that almost every conceivable irregularity in the proceedings goes to the jurisdiction of a justice's court.   The early case of Rahilly v. Lane, 15 Minn. 360 (447), in this court, is an instance of this kind.   But that case has long since been overruled.   Anderson v. Hanson, 28 Minn. 400, 10 N. W. 429.   We are of opinion that the transfer of the cause to the other justice upon this insufficient affidavit was merely error, which it was competent for either party to waive.   The plaintiff might have objected to the transfer on such an affidavit, and, by seasonably doing so, have saved his rights.   But a party can never assign as error that which was done with his consent or at his own request.   Having secured a transfer of the action upon this affidavit, defendant cannot now be heard to assert that the affidavit was insufficient.

2. The only other point worthy of consideration is whether the evidence justified the judgment.   The action was to recover rent for lodgings furnished to the defendant's wife while she was living apart from her husband.   It proceeds upon the theory that these

lodgings were necessaries, and that the husband's liability is based upon his marital duty to support his wife.   We think the evidence was sufficient to justify the judgment upon this theory.

Lodgings certainly may be necessaries, and those furnished in this instance were not unreasonable either in quality or cost.   There is no evidence that the wife had any means of her own with which to procure lodgings, and there was ample evidence that the defendant had not otherwise provided her with lodgings; also, that she was living apart from him with his consent, if not at his express request.   He says that he did not care where she lived, but that he "did not want her to live at home."   After she left his home, he recognized his obligation to support her by furnishing her and her children with a small amount of food and clothing, and by requesting a friend (as the evidence tends to show), as his agent, to secure lodgings for her; and this friend, in pursuance of such request, procured for her these same rooms from plaintiff's grantor.   Neither is the evidence such as to require a finding that plaintiff furnished the lodgings on the credit of the wife.   When plaintiff purchased the premises, he found the wife already in the occupancy of the rooms, and, upon inquiring who was to pay the rent, was told by her that defendant was to pay it.   The fact that, after defendant had refused to pay it, the wife promised to do so if her husband did not, and that subsequently plaintiff attempted to collect it from her, is not conclusive that the lodgings were furnished on the sole credit of the wife.   Inasmuch as defendant's liability is based on his marital duty, and not on contract, the fact that he never requested plaintiff to furnish the lodgings, or that he may have notified him that he would not be responsible for the rent, would not relieve him from liability.

Judgment affirmed.