JOHN M. GLEASON v. GEORGE F. WARNER.

December 19, 1899.

Nos. 11,897—(151).

**Burial of Dead—Husband and Wife.**

It is the right and the duty of the husband to bury his deceased wife in a suitable manner. His wishes in the premises must be respected, and no gratuitous intermeddling therewith by third parties will be encouraged. But, if he neglects to discharge the duty of burying his dead wife, he is liable to one who provides for her necessary and reasonable burial.

**Finding Sustained by Evidence.**

Evidence considered, and *held* that it sustains the finding and conclusion of the trial court to the effect that the defendant was notified of the death of his wife, and that he failed to provide for her burial; that, the plaintiff having done so at the request of a relative of the wife, the defendant is liable therefor.

Action in the municipal court of Minneapolis to recover $296 and interest for materials and labor furnished and performed by plaintiff as undertaker for the burial of defendant's deceased wife. The case was tried before Holt, J., who found in favor of plaintiff in the sum of $256.50; and from an order denying a motion for a new trial, defendant appealed. Affirmed.

*Robert Christensen*, for appellant.

*William H. Donahue*, for respondent.

START, C. J.

The material facts in this case, as found by the trial court, are these: On and prior to August 8, 1898, the defendant and Callie Helen Warner were husband and wife, and on that day she commenced an action against him for a divorce in the district court of the county of Hennepin. Such proceedings were had therein that the court made an order restraining the defendant from in any manner interfering with his wife during the pendency of the action. Thereupon the wife, who was then ill, was, at her request, removed to St. Mary's Hospital, in the city of Minneapolis, for care and treatment, where she died, on the morning of September 2, 1898.

The plaintiff, who is an undertaker, at the request of the niece of the wife and her physician, removed her corpse to his undertaking establishment. The defendant, while the corpse of his wife was so in charge of the plaintiff, was notified of her death, and where her corpse was; but he made no attempt to remove the body or prepare it for burial, except that he gave to his wife's attorney $100 to pay the amount due to the hospital for her care and treatment, and for shipping her remains to Natchez, Mississippi, her former home, for interment there. On the afternoon of the wife's death, the plaintiff embalmed the body, and placed it in a casket furnished by him and selected by the niece of the wife, and at six o'clock of the same evening placed it on the car for shipment to the proposed place of burial. The casket and materials so furnished by the plaintiff and his services were of the reasonable value of $246.50, and were such as were proper and reasonable for the station in life of the deceased. As a conclusion of law, the court ordered judgment for the plaintiff. The defendant appealed from an order denying his motion for a new trial.

It is the right and the duty of the husband to bury his deceased wife in a suitable manner. His wishes in the premises must be respected, and no gratuitous intermeddling therewith by third parties will be encouraged. But, if the husband neglects to discharge the duty of burying his dead wife, he is liable to one who provides for her necessary and reasonable burial. Schouler, Dom. Rel. § 199. This liability is similar to the obligation of the husband to supply his wife with necessaries in life; for when dead the necessity for the speedy burial of her body is pressing and imperative, brooking no delay. Hence, if the husband is absent and cannot, or if present and will not, discharge this duty, the law implies a request on his part to do so to whoever reasonably performs the duty for him. It therefore follows that if the finding of the trial court to the effect that the defendant was seasonably notified of the death of his wife, and that he neglected to take any steps to prepare her body for burial, is sustained by the evidence, the defendant is liable to the plaintiff for the reasonable value of the casket and his services as an undertaker.

It was stipulated on the trial that $246.50 was a reasonable

charge for the services and materials furnished by plaintiff, if he is entitled to recover at all. But counsel for the defendant vigorously insists that the finding in question is not sustained by the evidence, but, on the contrary, that it appears that the defendant had no notice of his wife's death until the evening her body was shipped from the state.

This is not, as claimed, a case where the reasonable wishes and efforts of the husband to give his dead wife a burial, becoming his and her station in life and his financial circumstances, have been thwarted by the officious intermeddling of his wife's relations, aided by the plaintiff. The plaintiff simply acted in good faith upon the request of the attorney and niece of the wife, in the absence of any action on the part of her husband. If defendant was seasonably notified of the death of his wife, it was his duty to take prompt action to secure the decent and reasonable burial of her remains. His attorney claims for him that he did not have such notice. This is the pivotal point in this case; for, unless he knew or ought to have known that his wife was dead, he cannot be charged with any neglect of duty in the premises. It is a significant fact, however, in this case, that the defendant did not appear in court as a witness, and deny that he did not have seasonable notice and knowledge of his wife's death. His absence was not explained. The direct evidence in support of the finding of the trial court is meager, but the circumstantial and negative evidence tending to support the finding is cogent, and, upon the whole record, we hold that the finding in question is fairly supported by the evidence. The remaining assignments of error are technical, and without substantial merit.

Order affirmed.