## J. E. CARR v. ALEXANDER L. ANDERSON.[1]

January 5, 1923.

No. 23,172.

Attorney's services in restoration of incompetent deemed necessaries—verdict sustained.

1. Legal services in procuring the restoration to capacity of a woman found by the probate court to be insane, may be necessaries within the law's meaning of that term; and the evidence sustains the finding of the jury that the legal services rendered in procuring a judicial restoration of the defendant's wife to competency were necessaries.

[1]Reported in 191 N. W. 407.

Husband's liability for necessaries quasi-contractual and independent of
    his wishes.

2. The husband, who omits or refuses to furnish necessaries to his
wife, is liable to one who in good faith and not as an intermeddler
furnishes them. His liability is not based on a true contract formed by
agreement, but is an obligation imposed by law, commonly called
quasi-contractual, and exists though he does not wish the services
rendered, forbids them, and declares in advance that he will not pay.

Action in the municipal court of Minneapolis to recover $125 for
legal services. The case was tried before Reed, J., who at the
close of the testimony denied defendant's motion for a directed ver-
dict, and a jury which returned a verdict for $105. From an order
denying his motion for judgment notwithstanding the verdict or
for a new trial, defendant appealed. Affirmed.

*Daniel F. Foley,* for appellant.

*James E. Carr,* pro se.

DIBELL, J.

Action to recover for legal services rendered and expenses in-
curred in procuring the legal restoration of the defendant's wife to
competency, she having been adjudged incompetent by a probate
court. There was a verdict for the plaintiff. The defendant ap-
peals from the order denying his alternative motion for judgment
notwithstanding or a new trial.

On July 23, 1919, the wife of the defendant was found insane by
the probate court of Sibley county and she was placed in the custody
of her husband. On April 6, 1921, Mrs. Anderson petitioned the
probate court for a judicial restoration to capacity. In this petition
she was supported by her three daughters, who were her only child-
ren, and her family physician, who thought her mentally sound. A
citation was served on the defendant. On April 29, 1921, the pro-
bate court, upon the hearing of the petition, found her mentally
sound and entered judgment restoring her to capacity. In this pro-
ceeding the plaintiff, or his associate who has assigned his claim
to him, was the attorney of Mrs. Anderson, and this action is against

the defendant for expenses incurred and the value of his legal services.

1. In the law's view legal services in procuring or in a good faith effort to procure the discharge of an insane person from custody, or a restoration to capacity, upon the ground that such person is no longer insane, come within the designation of necessaries. See In re Freshour's Estate, 174 Mich. 114, 140 N. W. 517, Ann. Cas. 1915A, 726. In this case a claim for such services was allowed against the insane person, afterwards deceased. The same rule of liability was held in Carter v. Beckwith, 128 N. Y. 312, 28 N. E. 582. And in Fitzpatrick's Committee v. Dundon, 179 Ky. 784, 201 S. W. 339, services in procuring a restoration to capacity were allowed. So in Hallett v. Oakes, 1 Cush. (Mass.) 296, it was held that where one was confined in an insane asylum without legal process he was liable to an attorney who procured his release. The rule is in aid of the one so unfortunately afflicted and is a practical one. It is cruel, and perhaps mentally and physically harmful, that one in fact restored to sanity shall against his will rest under a judgment of incapacity. It is resented by those who have been so afflicted and have recovered. The evidence was such as to justify a finding that the legal services in behalf of Mrs. Anderson in her restoration to capacity were necessaries. The jury so found.

2. The defendant did not engage the services of the plaintiff or his associates. He did not want their services. He wanted them to keep away. He did not promise to pay. He said he would not pay.

There was no true contract based on agreement—not an express one nor one implied in fact. If the legal services were within the class of necessaries, as the jury found, the legal obligation rested upon the defendant to furnish them. Woodward, Quasi Contracts, § 203; Keener, Quasi Contracts, 23; Tiffany, Domestic Relations, 175. He omitted to do so. To one who furnished them in good faith, not officiously nor as an intermeddler, he was liable on a quasi-contractual obligation raised or imposed by the law, called so because as a matter of legal history the remedy took the contract form, just as if on contract, though there was not a true con-

tract resting on agreement. It is unimportant that the husband, who does not furnish the necessary, does not want it furnished, or forbids its furnishing, or declares in advance that he will not pay. The law imposes the obligation and enforces it by a contract remedy.

Order affirmed.