## IN RE ESTATE OF CAROLINE DUFEK.
## COUNTY OF BROWN v. WENZEL PENKERT.[1]

June 26, 1925.

No. 24,766.

**County cannot recover poor relief from estate of person relieved.**
A county which furnishes relief to a poor person, in discharge of the liability imposed upon it by statute, there being no mistake or deception, cannot recover of the estate of the deceased poor person.

See Paupers, 30 Cyc. p. 1139. ·

County of Brown filed a claim in the probate court against the estate of Caroline Dufek. From an order allowing the claim, Mather, J., the executor of the estate appealed to the district court for that county where the appeal was heard by Olsen, J., who directed a verdict in favor of appellant. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Clifford L. Hilton,* Attorney General, and *T. O. Streissguth,* County Attorney, for appellant.

*Mueller & Erickson,* for respondent.

[1]Reported in 204 N. W. 469.

DIBELL, J.

On the trial of the claim of Brown county for poor relief furnished Caroline Dufek, deceased, a poor person, the court directed a verdict against the county. It appeals from the order denying its motion for a new trial.

Caroline Dufek had a legal settlement in Brown county. She died testate on May 4, 1924. For 5 years prior to her death the county at her request furnished her aid by giving her grocery orders, and just prior to her death hospital care. This was furnished her as a poor person by the county commissioners in the ordinary way after investigation in discharge of the obligation imposed by statute. See G. S. 1923, § 3171; G. S. 1913, § 3081. The deceased had an equity in a 3-room cottage. This was known to the county. There was no mistake nor misrepresentation nor deception. There is no statute making a decedent or the estate of a decedent liable for poor aid furnished. It is given from a fund derived from taxation. The duty of furnishing it is imposed by law. It is in the nature of a charitable gift made a legal duty by the statute which embodies a sympathetic regard for the misfortunes of others. This is not a case where one, under no legal obligation, furnished relief, not intended as a gift. Under such circumstances, liability may arise upon the basis of a true contract implied in fact.

The common law rule, as understood and applied in this country, is that the poor authorities furnishing relief, under circumstances at all resembling those here, cannot recover of the poor person or from his estate. Deer Isle v. Eaton, 12 Mass. 328; Groveland v. Medford, 1 Allen (Mass.) 23; Stowe v. Sawyer, 3 Allen (Mass.) 515; Bennington v. McGennes, 1 D. Chip. (Vt.) 44; Bloomfield v. French, 17 Vt. 79; Benson v. Hitchcock, 37 Vt. 567; Charlestown v. Hubbard, 9 N. H. 195; Chester v. Underhill, 16 N. H. 64; Bremer County v. Curtis, 54 Iowa, 72, 6 N. W. 135; Jones County v. Norton, 91 Iowa, 680, 60 N. W. 200; City of Albany v. McNamara, 117 N. Y. 168, 22 N. E. 931, 6 L. R. A. 212; Montgomery County v. Gupton, 139 Mo. 303, 39 S. W. 447, 40 S. W. 1094; Fish v. Perkins, 52 Conn. 200; Board v. Ristine, 124 Ind. 242, 24 N. E. 990, 8 L. R. A.

461, 21 R. C. L. 726; note 55 L. R. A. 571; note 1 Ann. Cas. 35; 22 Am. & Eng. Enc. 1011; 30 Cyc. 1138. No cases of a contrary view are cited.

Our decision in State v. Probate Court, 142 Minn. 283, 171 N. W. 928, construing a statute imposing upon the estate of an insane person liability for his care in certain cases, where it was held that until the enactment of the statute there was no liability, is consistent with the common law rule; indeed it is inconsistent with a different one. The estate is not liable.

Order affirmed.