COUNTY OF BROWN v. HENRY SIEBERT, JR.[1]

June 22, 1928.

No. 26,811.

**Husband of deserted wife liable to county for her necessary support.**
    A county which furnishes necessary support to a woman deserted
by her husband may recover of the husband.

Husband and Wife, 30 C. J. p. 599 n. 31.

---

See 13 R. C. L. 1198, 1200.

Plaintiff appealed from an order of the district court for Brown county, Gislason, J. sustaining a demurrer to its complaint. Reversed..

   *T. O. Streissguth,* County Attorney, and *John Fordyce,* Assistant County Attorney, for appellant.

   *Mueller & Erickson,* for respondent.

DIBELL, J.

Plaintiff appeals from an order of the district court of Brown county sustaining a demurrer to its complaint. The action is one to recover for necessaries furnished the wife of the defendant during the period of her desertion by her husband.

In 1907 the defendant abandoned and deserted his wife, left the state, and continued his desertion until the time of her death on March 8, 1927. From 1923 to 1927 the plaintiff county furnished her necessary means of subsistence of the reasonable value of $244. The defendant at all times was of sufficient financial responsibility to support his wife and without cause refused. The action is to recover the $244.

In County of Brown v. Penkert, 164 Minn. 55, 204 N. W. 469, we held that a county which furnished a poor person support under G. S. 1923, § 3171, could not prove a claim therefor against her estate. This is the doctrine the country over, and the cases cited in

[1]Reported in 220 N. W. 156.

the opinion are to the point. It may be noted that after the decision by the trial court and prior to the affirmance in this court the legislature changed the rule. L. 1925, p. 60, c. 60, § 1; 1 Mason Minn. St. § 3159-1.

The question here is different. The husband is responsible for the support of his wife. This is so independent of statute. If he refuses to support her another, not an intermeddler, may furnish her support and recover of the husband. The statute makes the husband and wife, when living together, both liable for necessaries, but does not relieve the husband from the common law liability for necessaries furnished his wife. G. S. 1923, § 8620. And primarily the husband is liable for her support. Thus in Kosanke v. Kosanke, 137 Minn. 115, 116, 162 N. W. 1060, the court said:

"Although this statute makes both husband and wife liable to third parties for such necessaries, it does not relieve the husband from the duty to support the family which has rested upon him from time immemorial, and as between husband and wife the duty to furnish such necessaries still rests upon the husband."

The duty of the husband to support his wife is illustrated in many cases sustaining a cause of action in favor of one who furnishes the support which the husband has failed to give. Carr v. Anderson, 154 Minn. 162, 191 N. W. 407, 26 A. L. R. 557 (lawyer rendering legal services in restoring to mental capacity wife adjudged insane by probate court); Gleason v. Warner, 78 Minn. 405, 81 N. W. 206 (burial furnished wife upon refusal of husband); Oltman v. Yost, 62 Minn. 261, 64 N. W. 564 (lodgings furnished wife); Kirk v. Chinstrand, 85 Minn. 108, 88 N. W. 422, 56 L. R. A. 333 (board and lodging furnished wife).

The liability in some of the cases is put upon the ground that the wife has authority to pledge her husband's credit for her support; in others upon the ground of quasi contract. Thus in Carr v. Anderson, 154 Minn. 162, 165, 191 N. W. 407, 26 A. L. R. 557, where the husband said he would not pay legal services in the restoration of his wife to mental capacity, we said that "it is unimportant that the husband, who does not furnish the necessary, does not want it

furnished, or forbids its furnishing, or declares in advance that he will not pay."

It admits of no doubt that one furnishing necessaries to defendant's wife as the county did could recover of the defendant. The weight of authority is that a municipality under the same circumstances can. Goodale v. Lawrence, 88 N. Y. 513, 42 Am. R. 259; Town of Rumney v. Keyes, 7 N. H. 571; Town of Alna v. Plummer, 4 Greenl. (Me.) 258; Town of Sturbridge v. Franklin, 160 Mass. 149, 35 N. E. 669; Town of Hanover v. Turner, 14 Mass. 227, 7 Am. D. 203; Township of Springfield v. Demott, 13 Ohio, 104; Commrs. of Ashland County v. Richland County Infirmary, 7 Ohio St. 65, 70 Am. D. 49.

We appreciate the force of the trial court's reasoning in his memorandum, that the duty was one imposed upon the county and that the furnishing of necessaries was in the nature of a charitable gift, as held in the Penkert case, 164 Minn. 55, 204 N. W. 469, from which no obligation to repay, even by the husband, should arise. But we feel that the authorities holding the husband liable, on the ground stated, should be followed.

It should be noted that G. S. 1923, §§ 3157, 3158, providing that municipalities furnishing support may recover of designated relatives, does not include a husband.

Order reversed.