[No. 28772. Department Two. November 25, 1942.]

CARL M. CHRISTIANSEN, *Respondent*, v. THE DEPART-
MENT OF SOCIAL SECURITY, *Appellant*.[1]

*The Attorney General, Phil H. Gallagher, Pat Gui-
mont,* and *Thomas R. Waters, Assistants,* for appellant.

*Clarence J. Coleman,* for respondent.

DRIVER, J.—This is an appeal by the department of
social security from a judgment of the Island county

[1]Reported in 131 P. (2d) 189.

superior court reversing a prior decision of the department and directing that a senior citizens grant be allowed respondent, Carl M. Christiansen.

At the time of the departmental hearing, respondent was eighty-five years of age, and had no income and no property, either separate or community. The acting director entered his findings and decision denying the application for the sole reason that respondent's wife, with whom he is living, owned separate property in excess of $1,400. (She was sixty-seven years old, and had not applied for a grant.)

Appellant advances but one contention, which is clearly and candidly stated in its brief as follows:

"It must be admitted at the outset of this argument, that the respondent herein is qualified for a senior citizen grant within the meaning of this act unless the department has rightfully construed the law to be that he has 'resources' or means of support inasmuch as his wife, who resides with him, has separate property consisting of a real estate contract which is readily convertible into cash for the face amount thereof, to-wit, the sum of $1,454.00; which the appellant-department contends is chargeable for the maintenance and support of the husband."

No claim is made, it should be noted, that this case presents any conflict between the provisions of the state law and those of the Federal social security act such as we had under consideration in *Morgan v. Department of Social Security*, 14 Wn. (2d) 156, 127 P. (2d) 686.

The senior citizens grant act, initiative measure 141, chapter 1, p. 3, Laws of 1941, Rem. Supp. 1941, § 9998-34 *et seq.*, controls this case. Section 4, p. 6, Rem. Supp. 1941, § 9998-37, in part, provides that "Senior Citizen Grants shall be awarded to any person who is without resources. . . ." The act itself defines resources. Section 3 (h), p. 5, Rem. Supp. 1941,

§ 9998-36 (h), reads: " 'Resources' shall mean any property which the applicant owns legally or beneficially, excepting therefrom: (1) The ability of relatives or friends of the applicant to contribute to the support of the applicant." (There are five other enumerated exceptions which are not material here.)

Under the quoted provisions of the initiative, respondent is without resources unless he can be said to own, legally or beneficially, some portion or share of, or interest in, his wife's separate property. Certainly, he cannot be said to own any legal interest in her property, as she has the sole and exclusive legal title thereto. Does he, then, have a beneficial ownership or interest?

Beneficial interest has been defined as the profit, benefit, or advantage resulting from a contract, or the ownership of an estate as distinct from the legal ownership or control. 1 Bouvier's Law Dictionary (Rawles, 3rd rev.), p. 337; Black's Law Dictionary (3rd ed.), p. 206.

In *Catholic Missions v. Missoula County*, 200 U. S. 118, 127, 50 L. Ed. 398, 26 S. Ct. 197, the supreme court of the United States defined beneficial ownership as follows:

"The expression, beneficial use or beneficial ownership or interest, in property is quite frequent in the law, and means in this connection such a right to its enjoyment as exists where the legal title is in one person and the right to such beneficial use or interest is in another, and where such right is recognized by law, *and can be enforced by the courts, at the suit of such owner or of some one in his behalf.*" (Italics ours.)

Rem. Rev. Stat., § 6891 [P. C. § 1424], provides that the separate property of the wife

". . . shall not be subject to the debts or contracts of her husband, and she may manage, lease, sell, convey, encumber or devise by will such property, to

the same extent and in the same manner that her husband can, property belonging to him."

The wife has the right to sell, hypothecate, or even give away her separate property, and the husband has no interest, legal or equitable, therein which can prevent her from so doing. As there can be no heir of the living, he has no present vested interest by reason of the fact that, in case she should die intestate, the property owned by her at the time of her death would pass to him by the law of descent. In the instant case, since there are no minor children of respondent and his wife, the wife could dispose of her property by will, free of any right of the husband in lieu of homestead. See Rem. Rev. Stat., § 1474 [P. C. § 9894].

Appellant relies upon Rem. Rev. Stat., § 6906 [P. C. § 1431], which reads:

"The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

This statute, appellant contends, as construed and applied in *In re DeNisson,* 197 Wash. 265, 84 P. (2d) 1024, is controlling in the case at bar. In that case, the wife had been adjudged mentally incompetent, and a guardian had been appointed for her estate. This court held that necessary living expenses of her destitute husband were a part of the "expenses of the family," and, in the guardianship proceedings, gave him an allowance for his support from the wife's separate estate. There, as the language of the opinion implies, the court was in a position to anticipate an accrual or accumulation of debts incurred for the support and maintenance of the husband and make an allowance directly therefor, for the reason that the wife was incompetent and the court had *"theretofore assumed jurisdiction over the wife and her property."* (Italics ours.)

That is not the situation in this case. Mrs. Christiansen is not a party to the action, it does not appear that she is mentally or otherwise incompetent, and no court has assumed jurisdiction of her person or of her property. It is still subject to her exclusive right of control and disposition. Nor has appellant suggested any form of action that could be brought by respondent, or in his behalf, to compel his wife to make him an allowance in anticipation of the accrual of debts to be incurred for his support.

Disregarding for the moment the principle that divorce is against sound public policy, and statutes should not be construed so as to encourage divorce if such construction can reasonably be avoided, it is interesting to note that the wife's refusal or neglect to make provision for the husband's support is not a ground for divorce. (Rem. Rev. Stat., § 982 [P. C. § 7501].) Nor is she liable to criminal prosecution, as he would be if he were financially able but wilfully refused or neglected to support her. (Rem. Rev. Stat., § 6908 [P. C. § 8828].) And, even if she sues him for divorce, this court has held, notwithstanding Rem. Rev. Stat., § 6906, that he cannot compel her to pay for his temporary maintenance during the pendency of the action. *State ex rel. Jacobson v. Superior Court,* 120 Wash. 359, 207 Pac. 227, 211 Pac. 767, 24 A. L. R. 488. If he has no right of action enforcible in the courts to compel his wife to support him, how can it be said that he owns a beneficial interest in her separate property such as to constitute a disqualifying resource?

It is our conclusion that, under the circumstances of the present case, where the record does not show any collusive action on the part of the respondent and his wife, or that he conveyed or transferred his property to her in anticipation of his application for a senior citizens grant, the wife's separate property is not a re-

source of the husband such as to preclude him from receiving the grant.

The reasonable attorney's fee in this court to which respondent is entitled under § 9 of initiative 141, Rem. Supp. 1941, § 9998-42, is fixed at one hundred and fifty dollars.

Judgment affirmed.

BLAKE and SIMPSON, JJ., concur.

BEALS, J. (concurring in the result)—Upon the facts of this case, I concur in the result reached by the majority, but it seems to me that the opinion of the majority lays down too broad a rule. As noted in the opinion, Rem. Rev. Stat., § 6906, renders the separate property of the wife chargeable for the expenses of the family, and *In re DeNisson*, 197 Wash. 265, 84 P. (2d) 1024, this court directed that a guardian of a wife's estate pay out of the separate estate of the wife, for the benefit of the husband, an allowance for the latter's support. It seems to me unimportant that in the case cited the court had already, through the guardianship, "assumed jurisdiction over the wife and her property," as the right *to assume* such jurisdiction is entitled to no less consideration than jurisdiction already taken.

While it is true that Rem. Supp. 1941, § 9998-37, quoted in the majority opinion, excludes from resources, in connection with an application for a senior citizens grant, the *ability* of relatives or friends of the applicant to contribute to his support, this does not exclude the *liability* of a wife or relative or any other person, if by reason of status or contract such liability exists.

ROBINSON, C. J., concurs with BEALS, J.