[No. 44389. En Banc. May 12, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. M'LISSA CLARK, *Petitioner*.

*Peter G. Rothschild,* for petitioner.

*Robert E. Schillberg, Prosecuting Attorney,* and *Randolph L. Furman, Deputy,* for respondent.

*Robert H. Aronson* on behalf of University of Washington Appellate Advocacy Program, amicus curiae.

HICKS, J.—In January 1976, following a jury trial, M'Lissa Clark Daling was convicted of one count of possession of a controlled substance (a felony) and one count of possession of marijuana (a misdemeanor). She wishes an appellate review of her trial at public expense. From a finding of nonindigency by the trial court, she petitions this court. The sole issue on appeal is the indigency of petitioner. If she is indigent, she is entitled to an appeal at public expense. *State v. Atteberry,* 87 Wn.2d 556, 554 P.2d 1053 (1976).

The record upon which we are asked to act is sketchy in the extreme. However, it appears that M'Lissa Clark was arrested June 12, 1975, and a trial took place in September. A mistrial resulted and the matter was reset for trial in January 1976. In November 1975, after the mistrial but prior to her new trial, M'Lissa Clark married Jay Daling.

Following the marriage, the couple moved to the Waterville area where Jay Daling owned 250 acres of wheat land. This land had been inherited by him some years preceding the marriage.

In January 1976, M'Lissa Daling was tried and convicted. After the conviction, she requested appellate review at public expense for the reason that she was an indigent. The burden of proof establishing her indigency is on petitioner. RAP 15.2(a); *State v. Rutherford,* 63 Wn.2d 949, 954, 389 P.2d 895 (1964).

Upon considering petitioner's request and in examining the resources available to her, the trial court found that,

while petitioner's separate assets and the marital community assets were insufficient, her husband had ample assets to finance an appeal. There was no indication in the record whether Jay Daling was willing or unwilling to finance an appeal and, consequently, the trial court made no finding in that regard. The trial court concluded that petitioner, M'Lissa Clark Daling, was not an indigent person entitled to an appeal at public expense. An order was entered accordingly. This court has been petitioned to review that order, and to find it erroneous.

At the time of petitioner's marriage in November, her husband was aware that the trial of his bride was scheduled for January. Marriage, under the circumstances, carried the risk that his spouse might be found guilty and be required to spend some time in confinement, absent an appeal. In point of fact, petitioner's sentence was deferred except for 25 days in the county jail.

Assuming, as we must, that petitioner's desired appeal has probable merit and that it is not frivolous, should petitioner's spouse in this instance be obliged to finance any appeal that may be taken? According to the findings of the trial court, Jay Daling can finance his wife's appeal without any financial hardship. In determining that M'Lissa Daling was not an indigent person, the trial court necessarily found her spouse's separate property to be a resource available to her.

Amicus curiae has favored us with a brief on this matter. Amicus frames the issue thusly:

> May the separate (non–community) property of a criminal defendant's spouse be considered to defeat the defendant's claim of "indigency" for purposes of receiving state–provided counsel and trial transcript on appeal?

After analyzing a number of cases, amicus concludes that the husband should not be responsible for the wife's appeal in this case. We do not agree.

RCW 26.16.200 provides:

> Neither husband or wife is liable for the debts or liabilities of the other incurred before marriage, nor for the separate debts of each other, nor is the rent or income of the separate property of either liable for the separate debts of the other: *Provided,* That the earnings and accumulations of the husband shall be available to the legal process of creditors for the satisfaction of debts incurred by him prior to marriage, and the earnings and accumulations of the wife shall be available to the legal process of creditors for the satisfaction of debts incurred by her prior to marriage. For the purpose of this section neither the husband nor the wife shall be construed to have any interest in the earnings of the other: *Provided further,* That no separate debt may be the basis of a claim against the earnings and accumulations of either a husband or wife unless the same is reduced to judgment within three years of the marriage of the parties.

RCW 26.16.205 provides:

> The expenses of the family and the education of the children, including stepchildren, are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately: *Provided,* That with regard to stepchildren, the obligation shall cease upon the termination of the relationship of husband and wife.

While the act of M'Lissa Clark for which she was tried occurred before she became Mrs. Daling, the trial in which she was convicted occurred after her marriage. Following her trial, she decided she wanted an appeal. There was no obligation for appeal costs before that time. The expense of this appeal, while related to an antenuptial act, is not an antenuptial debt. Thus, RCW 26.16.200 and cases decided thereunder regarding antenuptial debts are not apposite in this instance. Would the expense of an appeal in this case be a separate debt of the wife, collectible solely from her assets, or is the family–support statute (RCW 26.16.205) applicable?

██ RCW 26.16.205 has been the law of this state since 1881. Family–expense statutes, such as this, are generally considered to be at least as broad as the common–law duty to provide "necessaries" for the family. 41 Am. Jur. 2d, *Husband and Wife* § 371 (1968); *State v. Williams,* 4 Wn. App. 908, 912, 484 P.2d 1167 (1971). Should liability extend to providing a criminal appeal for a wife from a husband's separate property? This is a question of first impression in this state.

The Supreme Court of Colorado had such a case before it in *Read v. Read,* 119 Colo. 278, 202 P.2d 953 (1949). There the wife had been convicted of murder in the second degree, a divorce action was in progress, she was destitute, and the question of the expenses of an appeal in the criminal matter was before the court. The trial court's order provided that the husband should finance the appeal. On review the Supreme Court of Colorado, after determining that the husband was liable for necessaries, said at page 285:

> The question then posed is whether court costs, attorney fees and incidental expenses incurred in the defense of the criminal case by the wife, and a review of the judgment therein, are necessaries for which the husband is liable. Such necessaries include food, wearing apparel, medicines and medical attention, a habitation and necessary furniture and other articles for the wife's protection in society, consistent with the husband's ability to pay, and such articles and things as are necessary for her sustenance as well as preservation of her health and comfort. The term "necessaries" is incapable of exact definition; its meaning is variable, depending upon the circumstances, financial and otherwise, of the parties. We have said that plaintiff is entitled to have the judgment of conviction reviewed by this court and the necessity for expenses incurred therewith is as apparent and as vital as would be medical expenses incurred in case of her illness. Suffering and anguish resulting from her conviction may be as serious and disastrous as bodily ailments. The trial court found that plaintiff is destitute and that her husband is financially able to bear the expenses incurred in reviewing her conviction. The court further found that

such allowed expenses were "necessaries." If they are such, defendant is liable therefor. . . . Under the attendant circumstances the expenses in presenting her case in this court for review are "necessaries" for which defendant is liable, and the allowances thereof by the trial court were, under the circumstances here presented, right and proper.

(Citation omitted.)

To the same effect is *Elder v. Rosenwasser,* 238 N.Y. 427, 144 N.E. 669 (1924). There the wife's attorney, whom she had employed, had defended her in a civil action for libel and in a criminal action for assault and grand larceny. The defense terminated successfully for the wife. The husband failed to pay and the attorney brought suit. In discussing the case, the court said at pages 429–30:

Where a wife living with her husband whom he is obliged to support is arrested on a criminal charge or prosecuted in a civil action which may result in her incarceration, the necessity for a lawyer may be as urgent and as important as the necessity for a doctor when she is sick. . . . In this case we think there was evidence which justified the Municipal Court in determining that the services were necessaries and that the amounts allowed were reasonable.

Minnesota finds legal services for a wife to be a "necessary" under proper circumstances. In an action against the husband for legal services and expenses incurred in procuring the legal restoration of the wife's competency, the plaintiff attorney prevailed. The husband had not wanted the services and he had said he would not pay for them. The court found that under the circumstances attorney fees and expenses were "necessaries," and the obligation to provide them was enforced against the husband. *Carr v. Anderson,* 154 Minn. 162, 191 N.W. 407, 26 A.L.R. 557 (1923).

We are persuaded that legal expenses, including a review of trial court proceedings, falls within the purview of RCW 26.16.205 as a family expense when a criminal action is involved and a spouse's liberty is at stake. It would follow

that the separate assets of Jay Daling, petitioner's husband, may be considered in determining whether M'Lissa Clark Daling is an indigent person. The trial court did consider Jay Daling's separate assets when it found that petitioner was not an indigent person. The trial court was correct.

We find the above dispositive of the matter before us, however, we find it necessary to consider one more case. *Christiansen v. Department of Social Security,* 15 Wn.2d 465, 131 P.2d 189 (1942), a departmental three–judge opinion with two judges concurring in the result, holding that a wife's separate property is not a "resource" of the husband's such as to preclude him from eligibility for a senior-citizen grant, was not cited by petitioner or amicus curiae, nor did either discuss the family–expense statute. In *Christiansen,* the Department of Social Security, through its acting director, denied respondent's application for a senior–citizen grant solely on the ground that his wife had assets readily convertible into cash in the amount of $1,454. The department contended this was a resource of the husband even though it was conceded to be the separate property of the wife. The husband was 87 years old and the wife was 67. She had not made application for a grant.

In its contention that the wife's separate property was a "resource" of the husband when he applied for a senior–citizen grant, the department relied on RCW 26.16.205 (Rem. Rev. Stat. § 6906) as construed and applied in *In re DeNisson,* 197 Wash. 265, 84 P.2d 1024 (1938). In that case, the wife had been adjudged mentally incompetent and a guardian had been appointed for her estate. This court held that necessary living expenses of her destitute husband were part of the "expenses of the family," and in the guardianship proceedings, gave him an allowance for his support from the wife's separate estate. *DeNisson* was found to be inapplicable in *Christiansen* because "no court has assumed jurisdiction of her [Mrs. Christiansen's] person or of her property." Nor could any form of action be brought by the husband or in his behalf to compel his wife

to make him an allowance in anticipation of the accrual of debts to be incurred for his support.

In addition to finding *DeNisson* not controlling, the court stated the following facts as reasons for finding no resource in the wife's separate property: the wife's failure to support the husband would not be grounds for divorce; she would not be liable to criminal prosecution for failure to support her husband even though financially able to do so, though the reverse would not be true; and if the wife sues for divorce, she could not be compelled to pay temporary support during the pendency of the action.

We find that, with the passage of time and changes in statutes, the above reasons are today questionable. A wife now may be criminally liable for failure to support her husband under such circumstances as her husband would be liable for failure to support her. RCW 26.20.030. In marriage dissolution proceedings, the obligations of the wife and husband are the same. RCW 26.09.050, .090. We do not find *Christiansen* persuasive in the case at bench and we confine it to its facts.

The order of the trial court denying petitioner's motion for order of indigency is affirmed. The time for perfecting her appeal shall run from the date of the remittitur herein.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.