Edward L. **WALTER** and Jamie K. Walter, Petitioners— Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent— Appellee.

No. 07–71450.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2008.

Filed July 25, 2008.

Deborah R. Jaffe, Lesourd & Patten, P.S., Seattle, WA, for Petitioners–Appellants.

Ivan C. Dale, Richard Farber, Eileen J. O'Connor, Francesca Ugolini Tamami, DOJ–U.S. Department of Justice, Tax Division/Appellate Section, Donald L. Korb, Acting Chief Counsel, Washington, DC, for Respondent–Appellee.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SEABRIGHT *, District Judge.

MEMORANDUM **

Petitioners Edward and Jamie Walter appeal the decision of the tax court upholding the Commissioner's determination of a

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tax deficiency for the year 2000. We have jurisdiction pursuant to 26 U.S.C. § 7482, and we affirm.

The parties dispute the applicable standard of review. Petitioners argue that the standard of review is de novo because the issues involve questions of law. The Commissioner claims that we review the tax court's decision for clear error because we are presented with a question of fact. We need not decide which standard applies in this case because we reach the same conclusion under either one. *See Brown v. United States,* 329 F.3d 664, 670–71 (9th Cir.2003) (declining to determine whether de novo or clearly erroneous standard of review applied where the court would affirm applying even the more rigorous de novo standard).

The tax court properly concluded that Petitioners exercised the stock options on July 14, 2000 when they obtained a beneficial ownership interest in the shares, and that Petitioners' stock options became taxable gross income on that date for purposes of 26 U.S.C. § 83. *United States v. Tuff,* 469 F.3d 1249, 1251 (9th Cir.2006); 26 C.F.R. § 1.83–3(a)(1).

On July 13, 2000, Petitioners originally elected the "same day sale" option on the Notice of Exercise, which would have exercised the options by selling all shares immediately. The next morning, on July 14, 2000, before the shares were sold, Petitioners notified Piper Jaffray that they did not want to exercise and sell the options in a same day sale, but instead wished to exercise and hold. Even though they changed their minds and elected to hold the shares, Petitioners could have sold them or exercised control over them as of the July 14, 2000 exercise date, regardless of the fact that payment was not received by Primus until July 18, 2000. On July 14, 2000, Petitioners had the right to pledge the shares as collateral or sell the shares, and other rights and benefits that are the nor-mal incidents of ownership. *See Pahl v. Comm'r,* 150 F.3d 1124, 1128 (9th Cir.1998) (explaining that courts look to state law to determine whether the requisite interest has been created for tax purposes); *Christiansen v. Dep't of Soc. Sec.,* 15 Wash.2d 465, 131 P.2d 189, 191 (1942) (defining beneficial interest under Washington law).

Petitioners' remaining contentions are unpersuasive. Accordingly, the tax court did not err in upholding the Commissioner's determination of tax deficiency.

**AFFIRMED.**