# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| IN THE MATTER OF THE CUSTODY OF JAMIE-LEANN PATAROZZI; TRACY-KRICKET PATAROZZI, | No.  49497-3-II |
| Minor Children, | |
| DONALD EDWARD BAXTER; LAURA LEE BAXTER, | |
| Respondents, | |
| v. | |
| SAUN-MICHELLE GAYLOR, | |
| Respondent, | |
| and | UNPUBLISHED OPINION |
| KENNETH JAMES PATAROZZI, | |
| Petitioner. | |

WORSWICK, P.J. — We accepted discretionary review of a superior court order denying Patarozzi's motion for an order of indigency.  Because the superior court improperly disregarded the presumption of indigency under GR 34(a)(4), we reverse this order and remand to the superior court for further proceedings.

No. 49497-3-II

## FACTS

On July 7, 2016, Patarozzi moved for an order of indigency to appeal a nonparental custody decree. He filed a declaration stating that based on his monthly income of $2,109 and his required monthly expenses of $950 for rent and electricity and $669 in child support, he is unable to afford to pay an appellate filing fee plus all of his costs connected with an appeal, such as record preparation.

On July 22, 2016, the superior court denied his motion for an order of indigency. Patarozzi then filed a "Motion for Findings of Indigency," which the superior court denied without argument. On August 25, 2016, however, the superior court entered findings of fact and conclusions of law in connection with the July 22, 2016, decision. The superior court's entire findings of fact state:

> Pursuant to the declaration filed by Kenneth Patarozzi on August 4, 2016 where he declares his income as $ 2109.00 per month and that he received an IRS refund of $ 4987.88. This is consistent with the DSHS investigation to support the child support order.

The trial court then concluded:

> This court finds that he is not indigent so that the public will not need to pay for his appeal in this family law matter.

Clerk's Papers at 1.

Patarozzi moved for discretionary review of the indigency decision under RAP 15.2(h).

A commissioner of this court waived Patarozzi's filing fee for his discretionary review motion, stayed Patarozzi's underlying appeal of the nonparental custody decree pending a decision on this matter, and granted the motion for discretionary review.

ANALYSIS

Patarozzi argues that the trial court erred in denying his motion for an order of indigency. The party seeking indigent status bears the burden of proving indigency. RAP 15.2(a); *State v. Clark*, 88 Wn.2d 533, 534, 563 P.2d 1253 (1977). When a party seeks review at public expense, the trial court must determine whether he is able to pay all or part of the costs of appeal. RAP 15.2(b). Only if the party has the means to pay the entire cost of the appeal shall the trial court deny the motion for indigency status altogether. RAP 15.2(b)(2).

GR 34(a) provides that an individual may seek a waiver of filing fees and charges in civil matters on the basis of indigency. The rule provides that an individual may be found indigent under the rule in three ways:

> First, a litigant who receives need-based, means-tested assistance (such as TANF [(Temporary Assistance for Needy Families)] or food stamps) or whose household income is at or below 125 percent of the federal poverty guideline is automatically deemed indigent. GR 34(a)(3)(A), (B). Second, a litigant whose household income is above 125 percent of the federal poverty guideline may still be deemed indigent if the trial court finds that recurring basic living expenses or 'other compelling circumstances' render that person unable to pay the mandatory fees and charges. GR 34(a)(3)(C), (D). Finally, a litigant represented by a 'qualified legal services provider' (QLSP) is granted a presumption of indigency if counsel states that the individual was screened and found eligible for the QLSP's services. GR 34(a)(4).

*Jafar v. Webb*, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013).

Here, Tacoma-Pierce County Bar Association Volunteer Legal Services Program[1] provided Patarozzi with pro bono legal services. Prior to the superior court's entry of findings,

---

[1] Volunteer Legal Services Program is a program that facilitates access to volunteer attorney advice and representation for low-income individuals who have civil legal needs in Pierce County, Washington. http://www.tacomaprobono.org/ (last visited Jan. 4, 2017).

Patarozzi's counsel filed a declaration that he was assigned to represent Patarozzi through the program. In connection with his notice of discretionary review, Patarozzi also filed a declaration from a paralegal with the Volunteer Legal Services Program. Both declarations state that Patarozzi qualified for representation. Nonetheless, the superior court's findings of fact and conclusion of law regarding the motion for indigency do not reflect any consideration or application of the presumption of indigency under GR 34(a)(4). Consequently, we reverse the order denying Patarozzi's motion for indigency and remand to the superior court to consider the presumption.

Patarozzi also contends that the superior court was required to hold a hearing on his motion to determine indigency. He cites RAP 15.2(b) in support of his contention. However, RAP 15.2(b) states, "The determination shall be made in written findings after a hearing, *if circumstances warrant*." (Emphasis added). The plain language of RAP 15.2(b) gives the superior court discretion to hold a hearing but does not require any such hearing. Additionally, Pierce County local rules do not require a hearing on a motion for indigency.

Patarozzi also argues that the superior court erred by finding him not indigent based in part on his receipt of a tax refund. But in Patarozzi's Motion for Order of Indigency, he claimed a net monthly income of $2,109. This calculation included withholding for income tax. Based on this fact, it was appropriate for the trial court to consider Patarozzi's tax refund as part of his household income.

We reverse the order denying indigency and remand to the superior court for consideration of Patarozzi's presumption of indigency under GR 34(4) in an unpublished opinion.

4

No. 49497-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J

We concur:

_____
Johanson, J.

_____
Sutton, J.