# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>HAIKEL GSOURI,<br><br>                      Petitioner. | No. 52181-4-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. -- Haikel Gsouri seeks relief from personal restraint imposed as a result of civil contempt orders entered in his marriage dissolution proceeding. Nahed Jallali, Gsouri's former wife, brought a motion for contempt when Gsouri failed to pay child support and maintenance ordered in the dissolution decree. At a contempt hearing in March 2017, Gsouri refused to pay and refused to provide financial information. The trial court held him in contempt and ordered him confined in the county jail until compliance with the above as purging conditions. The trial court has conducted numerous hearings in which it has continued to find Gsouri in contempt and has continued to have him confined in the county jail with purging conditions. It also found him not to be indigent and refused to appoint counsel for him.

Gsouri argues that he should be released from confinement because he does not have the ability to meet the purging conditions, rendering his confinement punitive, not remedial. *In re Pers. Restraint of King*, 110 Wn.2d 793, 800, 756 P.2d 1303 (1988). We review findings of contempt and contempt sanctions for an abuse of discretion. *In re Marriage of Eklund*, 143 Wn. App. 207, 212, 177 P.3d 189 (2008). The burden of proving an inability to comply with the purging conditions of a contempt order is on the contemnor. *State v. Bower*, 64 Wn. App. 227, 234, 823 P.2d 1171 (1992). The contemnor must provide corroboration of his inability to comply

or have a reasonable explanation for why he cannot comply. *State v. Rutherford*, 63 Wn.2d 949, 954-56, 389 P.2d 895 (1964). Gsouri has done neither. His financial machinations, as found in the dissolution decree, show his continuing efforts to conceal his assets and he refuses to provide information necessary to corroborate his claim of inability to comply. He fails to demonstrate that the trial court abused its discretion in finding him in contempt and in ordering him confined until he satisfies his purging conditions.

Gsouri also argues that the trial court erred in finding him not indigent and therefore not appointing counsel for him. A party claiming indigency has the burden of proof. *State v. Clark*, 88 Wn.2d 533, 534, 563 P.2d 1253 (1977). The record, particularly the findings in the dissolution decree, supports the trial court's findings that Gsouri is not indigent. Accordingly, the trial court did not abuse its discretion in refusing to appoint counsel or appoint financial experts. *State v. Cuthbert*, 154 Wn. App. 318, 326, 225 P.3d 407 (2010).

Finally,[1] Gsouri argues that being required to comply with the purging conditions would violate his right against self-incrimination. But he does not demonstrate how his compliance would tend to expose him to liability. *State v. Parker*, 79 Wn.2d 326, 332, 485 P.2d 60 (1971).

Gsouri fails to demonstrate unlawful restraint. Therefore, we deny his petition and his request for appointment of counsel.

In so ruling, we iterate that "[i]nsofar as a civil contempt sanction can only be used to coerce compliance, it logically follows that incarceration for civil contempt can continue only so long as it serves a coercive purpose." *King v. Dep't of Soc. & Health Servs.*, 110 Wn.2d 793, 802, 756 P.2d 1303 (1988). It is well established that a contemnor cannot be held in jail forever. *King*,

---

[1] In his reply, Gsouri complains of the county jail opening his legal mail. But that is not a form of restraint that can be addressed in a personal restraint petition.

110 Wn.2d at 803. "Once a court becomes convinced that the contemnor will steadfastly refuse to comply with the terms of the contempt citation," the court must release him "'since incarceration would no longer serve the purpose of the civil contempt order coercing [compliance].'" *King*, 110 Wn.2d at 803 (quoting *United States ex. rel. Thom v. Jenkins*, 760 F.2d 736, 740 (7th Cir. 1985)). The incarcerated contemnor must be afforded the opportunity "to show that the confinement has lost its coercive effect or that there is no reasonable possibility of compliance with the court order." *King*, 110 Wn.2d at 805.

When reviewing a contemnor's confinement on this basis, it is clear that the passage of time alone does not eliminate the coercive effect of civil contempt. *King*, 110 Wn.2d at 803. The court must consider the individual circumstances of the contemnor, including his ability to comply, as well as the "significance of the ends to be achieved." *King*, 110 Wn.2d at 805. Consideration of these factors and determination of whether "civil contempt no longer serves a coercive purpose is a matter left to the sound discretion of the trial judge to be decided on a case-by-case basis." *King*, 110 Wn.2d at 802-03.

*King* approved incarceration for civil contempt for 11 months. Here, Gsouri has been incarcerated for civil contempt for failure to pay child support since March 17, 2017, more than two years and more than twice the time approved in *King*.

We recognize that Gsouri's contempt involves the failure to pay child support and maintenance, both of which involve the well-being of other people and both of which are clearly different from fines and fees. "Parents have the responsibility to make decisions and perform other parental functions necessary for the care and growth of their minor children." RCW 26.09.002.

Nonetheless, *King* requires that a court must meaningfully consider whether Gsouri's confinement has lost its coercive effect and whether there is still a reasonable possibility of

compliance with the court order. Our review of the record does not demonstrate that the trial court has meaningfully engaged in this required consideration. Because the trial court is in the best position to consider the factors discussed above, it should make this determination at its periodic reviews of Gsouri's contempt.

We deny the petition and the request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MELNICK, J.

We concur:

_____
MAXA, C.J.

_____
GLASGOW, J.

4